IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW MUTCH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:25-CV-01311-JKP |
| TRANSUNION LLC; EQUIFAX, INC.; | § | |
| EXPERIAN SERVICES CORP; | § | |
| AMERICAN EXPRESS COMPANY; and | § | |
| NELNET, INC; | § | |
| Defendants. | | |

**DEFENDANTS TRANS UNION LLC, EQUIFAX, INC., & EXPERIAN INFORMATION SOLUTIONS, INC.'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant consumer reporting agencies, Trans Union, LLC, improperly identified as TransUnion LLC ("Trans Union"), Equifax Information Services, LLC, improperly identified as Equifax, Inc. ("Equifax"), and Experian Information Solutions, Inc., improperly identified as Experian Services Corp. ("Experian") (collectively, the "CRA Defendants"), by and through counsel hereby submit their Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support of their Motion to Dismiss (the "Motion").

The Motion should be granted in this alleged Fair Credit Reporting Act ("FCRA") case where *pro se* Plaintiff vaguely claims that CRA Defendants somehow violated the FCRA by reporting unidentified and purportedly inaccurate "tradeline data" related to his American Express and Nelnet accounts along with "obsolete address and personal identifiers" and "unauthorized credit inquiries lack a permissible purpose" because:

A. A showing of an inaccuracy is an essential prima facie element of a claim under the FCRA, and Plaintiff has failed to allege what information CRA Defendants reported

1

    much less how it was inaccurate;

B. To the extent Plaintiff's Complaint attempts to assert CRA Defendants violated section 1681b (permissible purpose), Plaintiff fails to allege CRA Defendants furnished a consumer report without a permissible purpose;

C. Plaintiff's Complaint fails to allege any facts in support that CRA Defendants willfully violated the FCRA and, therefore, must be dismissed; and

D. Plaintiff's claims should be dismissed with prejudice because amendment would be futile since the facts would not change and there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA.

## I. **INTRODUCTION**

*Pro se* Plaintiff Matthew Mutch's ("Plaintiff") complaint fails to achieve its primary purpose: it does not identify with specificity what, if anything, CRA Defendants have done wrong. Plaintiff appears to allege that CRA Defendants violated the FCRA, by allegedly reporting unidentified and purportedly inaccurate "tradeline data" related to his American Express and Nelnet accounts (the "Disputed Accounts") along with "obsolete addresses and personal identifiers" and, finally, "unauthorized credit inquiries lacking a permissible purpose." *See* Compl. ¶¶ 17 & 27. However, specifics as to how the Disputed Accounts are allegedly inaccurate are nonexistent. *Id*. In support of his completely devoid claims, Plaintiff claims the Accounts may have included allegedly inaccurate "balance information, erroneous payment histories." *Id*. ¶ 37. However, Plaintiff's Complaint completely fails to identify a single inaccuracy regarding any of the Accounts, personal identifying information or purported unauthorized inquiries in CRA Defendants reporting. *See Id*. Instead, Plaintiff claims he mailed disputes to CRA Defendants "identifying specific factual inaccuracies appearing in Plaintiff's credit file." *Id*. In response to

Plaintiff's alleged disputes, CRA Defendants verified the unidentified and alleged inaccurate information as accurate. *Id*. ¶¶ 19 & 28. Not happy with the response received from CRA Defendants, Plaintiff submitted a second round of disputes letters along with submitting complaints to the Consumer Financial Protection Bureau. *Id*. ¶¶ 20, 22, 29-30, 39, 42. Finally, Plaintiff also submitted a third and final dispute to Equifax along with a notice of intent to file suit to Experian. *Id*. at ¶¶ 32 & 40. As a result, Plaintiff claims CRA Defendants' violative conduct and reporting led to a Rocket Mortgage denial in August 2025 along with conclusory claims of emotional distress, loss of credit opportunity, reputational harm, and increased costs of credit. *Id*. ¶¶ 24, 25, 32, 34, 44 & 46.

Plaintiff's Complaint lacks any factual allegations to support his FCRA claims beyond vague, conclusory statements. To the extent Plaintiff intended to sue CRA Defendants for reporting inaccurate information in his credit report, his Complaint must be dismissed, as he does not describe any information, much less how it was inaccurate. Similarly, to the extent Plaintiff sought to assert a claim against CRA Defendants for an unreasonable reinvestigation, the Complaint fails because it does not allege any facts whatsoever in support of this claim, beyond Plaintiff's perceived grievances with the alleged results of CRA Defendants' reinvestigation. Finally, to the extent Plaintiff sought to assert a claim against CRA Defendants for furnishing consumer reports without a permissible purpose, his claims fail as the FCRA provides consumer reporting agencies "CRAs", like CRA Defendants, may furnisher consumer reports for multiple enumerated permissible purposes.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a

plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level*.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Thus, Plaintiff must include enough facts to move "his claims across the line from conceivable to plausible." *Twombly* at 570. Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id* at 555.

To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." *Iqbal* at 662. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown– that the pleader is entitled to relief." *Iqbal*, at 679 (internal quotations and citations omitted).

Although *pro se* complaints are entitled to a less stringent standard, Courts are not required to overlook a *pro se* plaintiff's complaint that does not provide any factual basis for the claims. *See Taylor v Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation omitted); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003) (same). However, the duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff. *Cervantes v. Tenet*

4

*Hospitals Ltd.*, EP-18-CV-00110-KC, 2018 WL 5020225, at *4 (W.D. Tex. Oct. 15, 2018). In other words, a plaintiff must plead a "plausible claim for relief" – one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III.     ARGUMENT

#### a. A Showing Of An Inaccuracy Is An Essential Prima Facie Element Of A Claim Under The FCRA, And Plaintiff Has Failed To Allege What Information CRA Defendants Reported Much Less How It Was Inaccurate.

To prevail on either a 15 U.S.C. § 1681e(b) ("reasonable procedures") or a 15 U.S.C. § 1681i ("reasonable reinvestigation") claim under the FCRA, the Plaintiff must first demonstrate an inaccuracy in CRA Defendants' reporting. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000); *Glass v. Bread Fin. Holdings, Inc.*, Civil No. 6:23-CV-686, 2024 U.S. Dist. LEXIS 90464, at *5 (W.D. Tex. May 20, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 109998 (W.D. Tex. June 21, 2024); *Watkins v. Experian Info. Sols., Inc.*, No. 6:130CV000239-WSS-JCM, 2014 WL 12879669, at *5 (W.D. Tex. Sept. 8, 2014); *Becci v. Equifax Info. Servs. LLC*, Case No. 3:20-cv-00294-S, 2020 WL 7771204, at *7 (N.D. Tex. Dec. 30, 2020); *Knox v. Equifax Info. Servs.,* LLC, Case No. 3:19-cv-02581-E, 2020 WL 4339016, at *2 (N.D. Tex. July 28, 2020); *Harter v. RealPage, Inc.*, 218 F. Supp. 3d 535, 540 (E.D. Tex. 2016); *Morris v. Trans Union*, 420 F. Supp. 2d 733, 751 (S.D. Tex. 2005). Notably, "[t]he offensive information in the credit report must be shown to be inaccurate, prior to an inquiry into the reasonableness of the reporting procedures." *Elliot v. TRW, Inc.*, 889 F. Supp. 960, 962 (N.D. Tex. 1995). Moreover, case law makes it clear that CRA Defendants are not automatically liable. *See Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982) ("Section

1681e(b) does not impose strict liability for an inaccuracy credit report, but only a duty of reasonable care in preparation of the report").

Here, Plaintiff's Complaint does not specify what inaccurate information CRA Defendants reported, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. *See* Compl. Plaintiff simply claims that CRA Defendants violated the FCRA by reporting unidentified "factual inaccuracies" that include, but are not limited to, "tradeline data related to American Express and Nelnet, (2) obsolete addresses and personal identifiers."[1] *See* Compl. ¶¶ 17, 27. In attempt to salvage his vague inaccuracy claims regarding the Disputed Accounts, Plaintiff alleges the American Express account included unidentified "inaccurate balance, payment history and date of last activity" and the Nelnet account included "materially inaccurate tradeline reporting." *Id*. at ¶¶ 48 & 61. However, Plaintiff's Complaint fails to allege any inaccuracy with the requisite specificity or what the accurate reporting should be. This does not suffice.

These vague, generalized factual allegations cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim under the FCRA because, as discussed above, Plaintiff has failed to allege any inaccuracy in CRA Defendants' reporting. Beyond his general statement that there were some unidentified "inaccuracies," Plaintiff does not allege what, if anything, was inaccurate in his consumer reports. *Id*. Further, given that Plaintiff's allegations do

---

[1] Case law makes clear that a claim under 15 U.S.C. § 1681e(b) of the FCRA is only actionable if a CRA fails to maintain reasonable procedures regarding its reporting that bears on a consumers creditworthiness; "inaccurate contact information cannot give rise to liability under § 1681e(b)," because a "consumer report" does not include "header" or contact information. *Cohen v. Equifax Info. Servs., LLC*, 827 Fed. Appx. 14, 17 (2nd Cir. 2020); *Williams-Steele v. TransUnion*, 642 FApp'x 72, 73 (2d Cir. 2016) (affirming dismissal of plaintiff's claims holding contact information inaccuracies have no bearing on her credit-worthiness and are not actionable under the FCRA); *Arora v. Trans Union LLC,* Case No. 1:22-cv-00367, Doc. No. 24 (ND IL Aug. 2, 2023); *see Shaw v. Experian Info. Solutions, Inc*., 891 F.3d 749, 761 (9th Cir. 2018).

not distinguish between defendants, CRA Defendants are left to speculate as to Plaintiff's claims. Here, Plaintiff alleges nothing more than conclusions without any "further factual enhancement," which is not enough to state a claim. *Twombly*, 550 U.S. at 546.

At best, Plaintiff simply voices his disagreement with CRA Defendants' reporting and reinvestigation, but still never describes what exactly is inaccurate or why the Accounts should not appear on his credit file. Accordingly, Plaintiff's Complaint fails to set forth any required allegations of inaccuracies in CRA Defendants' reporting, reinvestigation, or otherwise, and so stating, Plaintiff's claims against CRA Defendants must fail.

> **b. To The Extent Plaintiff's Complaint Attempts To Assert CRA Defendants Violated Section 1681b (Permissible Purpose), Plaintiff Fails To Allege Any Facts That CRA Defendants Furnished A Consumer Report Without A Permissible Purpose.**

While it is not quite clear from Plaintiff's Complaint if he intends to lodge a Section 1681b (Permissible Purpose) claim against CRA Defendants, Plaintiff vaguely claims CRA Defendants' credit files included "unauthorized credit inquiries lacking a permissible purpose." *See* Compl. ¶¶ 17, 27. However, his Complaint fails to allege any facts in support of such claim and must be dismissed. The FCRA was enacted, in part, to "promote efficiency in the Nation's banking system and to protect consumer privacy." *TRW Inc. v Andrews*, 534 U.S. 19, 23 (2001). The FCRA requires CRAs to "'limit the furnishing of [consumer reports] to' certain statutorily enumerated purposes." *Id. citing* 15 U.S.C § 1681b. Section 1681b(a) of the FCRA sets forth numerous purposes under which a CRA may prepare a consumer report for a third party. *See generally id*.

Although a CRA may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. *Id*. § 1681b(a). Section 1681b(a)(3) enumerates numerous permissible purposes under which a CRA may furnish a consumer report without the consumer's consent, including: (1) in connection

7

with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

For this reason, case law makes it clear that CRA Defendants cannot be liable under FCRA for furnishing credit reports to a person it believes will use the information for one of the several permissible purposes. *See generally id.*, *Alessandro-Roberto v. Experian Info. Sols., Inc.*, No. 3:23-cv-0130-D, 2023 WL 6462860, at *5 (N.D. Tex. Oct. 2, 2023) ("[Section 1681b] does not require a consumer's written consent in *all* instances. For example, written consent is not required if the credit report is obtained for a 'permissible purpose' set forth in § 1681(b)(a)(3)." (emphasis in original)); *see also e.g.*, *Dixon Shamrock Fin. Corp.*, 522 F.3d 76, 77 (1st Cir. 2008) ("An entity may gain access to an individual's consumer report only with the written consent of the individual, unless the consumer reports is to be used for certain 'permissible purposes,' in which case written consent is not required."); *Hoge v. Parkway Chevrolet, Inc.*, 2007 U.S. Dist. LEXIS 78596, 2007 WL 3125298, at *6 (S.D. Tex. Oct. 23, 2007) ("A credit report may only be obtained with the consumer's written consent or for 'permissible purposes.'" (citing 15 U.S.C. § 1681b(a))).

Here, Plaintiff has not and cannot claim that CRA Defendants violated section 1681b because Plaintiff's Complaint simply states CRA Defendants purportedly included "unauthorized

credit inquiries lacking a permissible purpose" in his credit file. *See* Compl. ¶ 17 & 21. Based on Plaintiff's vague allegations, it is unclear what forms the basis for this claim and to the extent Plaintiff believes his consent is required to furnish a consumer report to a third party – Plaintiff is mistaken. Simply put, it appears that Plaintiff misconstrues and misstates the obligations of CRA Defendants under the FCRA mentioned above. While section 1681b provides that a CRA *may* furnish a consumer report with the consumer's written consent that is not the *only* permissible purpose. *See* 15 U.S.C. § 1681b. Plaintiff's Complaint lacks any facts to support such a claim. Plaintiff's conclusory allegations, again directed towards all CRA Defendants, that CRA Defendants furnished consumer reports without a permissible purpose are insufficient to state a claim for violation of the FCRA, and Plaintiff's claims should be dismissed. *See Iqbal* at 662.

      **c. Plaintiff's Complaint Fails To Allege Any Facts In Support That CRA Defendants Willfully Violated The FCRA And, Therefore, Must Be Dismissed.**

To the extent Plaintiff alleges that CRA Defendants somehow willfully violated the FCRA section 15 U.S.C. § 1681n (willfulness provision), as discussed above, just as Plaintiff's reasonable procedures and reinvestigation claims fail because Plaintiff has failed to sufficiently alleged an inaccuracy in the CRA Defendants' reporting, it necessarily follows that his willfulness claims also fail.

Even if the Court considers Plaintiff's willfulness claim, it fails as a matter of law because Plaintiff has not, and cannot, plead the required elements of a willfulness claim. "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58-59 (2007). To state a willfulness claim, Plaintiff must allege: (1) CRA Defendants had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how CRA Defendants ran a risk of violating the FCRA that was substantially greater than the risk

associated with a reading that was merely careless. *Id*. Plaintiff has unequivocally failed to plead either.

Plaintiff must show that CRA Defendants acted in a manner that made it highly probable harm would follow. *Safeco*, 551 U.S. at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting on, such interpretation cannot be found to have willfully violated the FCRA. *Id*. at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and still not be considered willful. *Id*. at 69-70.

Here, Plaintiff has failed to identify a practice or policy of any CRA Defendants that is objectively unreasonable and merely states in general and conclusive allegations that CRA Defendants willfully violated section 1681e(b) and section 1681i, which somehow entitles Plaintiff to punitive damages. *See* Compl. Neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willful noncompliance with the FCRA. *See, e.g., Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160, 2014 WL 9355983, at *12 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC*, No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Going even further, a CRA's failure to identify inaccurate information after receiving a dispute is still not enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Sols.*, No.1:CV-09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010).

Plaintiff fails to plead an inaccuracy in CRA Defendants' reporting and unsurprisingly also fails to plead, because he cannot, the required elements of a willfulness claim. Therefore, CRA Defendants' Motion should be granted, and Plaintiff's claims should be dismissed.

### d. Plaintiff's Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile Since The Facts Would Not Change And There Is No Way That Plaintiff Could Manipulate The Facts To State A Claim Under The FCRA.

The decision to allow leave to amend a complaint is, of course, committed to the sound discretion of the District Court. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009). However, while leave to amend under Federal Rule of Civil Procedure 15 should be freely given, "amendment is futile if it 'would fail to state a claim for relief upon which relief could be granted.'" *See Tolliver v. Bank of N.Y. Mellon*, Case No. 4:18-cv-00977-O-BP, 2019 U.S. Dist. LEXIS 142039, at *12 (N.D. Tex Aug. 5, 2019) (quoting *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

Here, Plaintiff's Complaint should be dismissed with prejudice and without leave to amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. As discussed above, Plaintiff's concern with CRA Defendants' reporting is that CRA Defendants potentially reported some unidentified inaccuracies associated with the Accounts. Plaintiff does not appear to allege any inaccurate information, much less allege how the information is inaccurate, or what the accurate reporting should be. *See generally* Compl.

Even if he could amend his Complaint to attempt to assert an inaccuracy, the alleged basis for any such inaccuracy is unactionable, given his apparent false belief that derogatory information may not be reported to his credit file. Therefore, the Complaint should be dismissed with prejudice and without leave to amend.

## IV. CONCLUSION

For all the foregoing reasons, CRA Defendants respectfully request that the Court grant CRA Defendants' Motion, dismiss Plaintiff's Complaint against CRA Defendants in its entirety, with prejudice, and award CRA Defendants their fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Marc F. Kirkland*
Marc F. Kirkland
Texas Bar No. 24046221
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

Respectfully submitted,

*/s/ Vincent J. Hess*
Vincent J. Hess
Vince.hess@troutman.com
Texas Bar No. 09549417
Troutman Pepper Locke LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Tel: 214-740-8000
Fax: 214-740-8800
***Counsel for Experian Information Solutions, Inc.***

CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)

By: /s/ Forrest M. "Teo" Seger III
FORREST M. "TEO" SEGER III
State Bar No. 24070587
TSeger@clarkhill.com

*Counsel for Defendant, Equifax Inc.*

## CERTIFICATE OF CONFERENCE

The movants hereby certify that they complied with Judge Pulliam's Standing Order by informing the Plaintiff of the basis of this Motion. These conferences took place on November 12th, 2025. Plaintiff did not timely amend his pleading.

*/s/ Marc F. Kirkland*
**MARC F. KIRKLAND**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on the **18th day of November, 2025**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Brandon S. Stein<br>brandon.stein@huschblackwell.com<br>Husch Blackwell LLP<br>2415 E. Camelback Road<br>Suite 500<br>Phoenix, AZ 85016<br>480-824-7890<br>***Counsel for Nelnet, Inc.*** | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **18th day of November, 2025**, properly addressed as follows:

| | |
|---|---|
| Matthew Mutch<br>173 Caddell Lane<br>New Braunfels, TX 78130<br>562-458-7790<br>***Pro Se Plaintiff*** | |

*/s/ Marc F. Kirkland*
**MARC F. KIRKLAND**
*Counsel for Defendant Trans Union, LLC*