# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MATTHEW MUTCH,** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | Civil Action No. 5:25-cv-01311-JKP |
| | § | |
| **TRANSUNION, LLC; EQUIFAX, INC;** | § | |
| **EXPERIAN INFORMATION** | § | |
| **SOLUTIONS, INC.; AMERICAN** | § | |
| **EXPRESS NATIONAL BANK;** | § | |
| **NELNET SERVICING LLC,** | § | |
| **Defendant(s)** | § | |

## PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS (DOC. 9)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Matthew Mutch respectfully submits this Amended Response in Opposition to Defendants' Joint Motion to Dismiss (Doc. 9), and in support thereof, states as follows:

### I. INTRODUCTION

1

Plaintiff filed this action to redress violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., after the Defendants failed to correct inaccurate credit information, resulting in harm to his creditworthiness, emotional distress, and financial loss. In response, Defendants jointly filed a motion to dismiss under Rule 12(b)(6). For the reasons below, the motion should be denied in full.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Stokes v. Equifax Info. Servs., LLC*, No. SA-21-CV-01079-JKP, 2022 WL 971873 (W.D. Tex. Mar. 31, 2022).

## III.   FACTUAL BACKGROUND

Beginning in June 2025, Plaintiff submitted multiple formal disputes to Equifax, Experian, TransUnion, and furnishers including Nelnet and American Express, challenging materially inaccurate information appearing in his consumer credit files. Each dispute included detailed factual assertions, identification of specific errors (such as inaccurate "Date Last Active," "Date Opened," and payment history entries), and demands for investigation and documentary substantiation.

Despite these efforts, the Defendants failed to provide any evidence that they conducted a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a) (for CRAs) and § 1681s-2(b) (for furnishers). Neither the consumer reporting agencies (CRAs) nor the furnishers provided

2

Plaintiff with a copy of any documents used to "verify" the disputed information. No tradeline was deleted, modified, or marked as disputed after the reinvestigation period ended. These facts are alleged throughout Plaintiff's Verified Complaint and supported by documentary evidence appended to Plaintiff's dispute correspondence.

On July 19, 2025, Plaintiff sent second-round disputes to all three CRAs and relevant furnishers, explicitly requesting that the CRA or furnisher "please provide the documents used to verify this account" or "any documents from the original creditor relied upon to verify." These requests went unanswered. Instead, each CRA issued a generic response stating that the account had been "previously investigated" or "verified," without disclosing any underlying documentation or explanation of the methodology used.

Equifax's July 25, 2025, response acknowledged receipt of the dispute but provided only a summary stating the account was "verified as accurate," with no further detail or supporting material. TransUnion's July 26, 2025, response likewise confirmed the continued reporting of disputed tradelines, without identifying any steps taken during its reinvestigation process.

As further alleged in Plaintiff's Complaint, these failures violate 15 U.S.C. § 1681i(a)(1)(A), which mandates that a consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." The same is true under 15 U.S.C. § 1681s-2(b), which requires furnishers who receive notice of a dispute to "conduct an investigation with respect to the disputed information" and "report the results of the investigation."

The lack of documentation provided, coupled with the CRAs' conclusory responses, shows not only a failure to conduct a reasonable reinvestigation, but also a failure to correct or

delete the disputed information after notice of its inaccuracy—acts that constitute willful or negligent violations of the FCRA.

Finally, Plaintiff received a mortgage denial from Rocket Mortgage on August 25, 2025. The adverse action notice identified Equifax and TransUnion as the reporting sources for the derogatory tradelines that formed the basis of denial. This concrete harm, directly linked to Defendants' refusal to correct Plaintiff's credit files, underscores the actual damages suffered and supports claims for both statutory and punitive relief under 15 U.S.C. §§ 1681n and 1681o.

## IV. ARGUMENT AND AUTHORITIES

Defendants argue that Plaintiff's Verified Complaint fails to state a claim under the FCRA. However, the allegations set forth in the Complaint are legally sufficient under Rule 8(a) and survive scrutiny under Rule 12(b)(6).

**A. Plaintiff Has Plausibly Alleged Violations of 15 U.S.C. § 1681i (Consumer Reporting Agencies)**

Plaintiff's Verified Complaint alleges that TransUnion, Equifax, and Experian failed to conduct a reasonable reinvestigation after receiving Plaintiff's disputes. Under 15 U.S.C. § 1681i(a)(1)(A), a consumer reporting agency that receives a dispute is required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

Here, Plaintiff made multiple disputes that were: (1) clear, (2) specific, and (3) accompanied by documentary evidence. Despite this, the CRAs responded only with conclusory statements such as the information was "verified" or "previously investigated," without describing any steps taken, or providing any underlying documentation, in violation of § 1681i(a)(6)(B)(iii).

The Fifth Circuit has held that reasonableness under the FCRA is a fact question inappropriate for resolution at the pleading stage. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001). Likewise, in *Stokes v. Equifax Info. Servs., LLC*, 2022 WL 971873 (W.D. Tex. Mar. 31, 2022), this Court emphasized that "conclusory assurances of verification without documentation do not satisfy the FCRA's reinvestigation duty."

**B. Plaintiff Has Plausibly Alleged Violations of 15 U.S.C. § 1681s-2(b) (Furnishers of Information)**

Furnishers like Nelnet and American Express were notified of Plaintiff's disputes by the CRAs. Under § 1681s-2(b), upon receipt of such notice, a furnisher must:

1. Conduct a reasonable investigation;
2. Review all relevant information provided by the CRA;
3. Report the results of the investigation to the CRA; and
4. Modify, delete, or permanently block the reporting of inaccurate information.

Plaintiff has pled sufficient facts to infer that the furnishers failed each of these duties. The absence of any correction, deletion, or documentation of a bona fide investigation, despite the specificity of Plaintiff's disputes, demonstrates that Defendants acted with at least negligence, if not willful indifference.

**C. The Complaint Alleges Actual and Statutory Damages**

Plaintiff has adequately alleged harm, including:

- Denial of a mortgage loan (actual economic injury);
- Emotional distress and reputational harm;
- Ongoing credit suppression and damage to creditworthiness.

These allegations, coupled with the statutory violations, entitle Plaintiff to:

- Actual damages under 15 U.S.C. § 1681o;
- Statutory damages up to $1,000 per violation under § 1681n(a)(1)(A);
- Punitive damages under § 1681n(a)(2) for willful violations;
- Attorney's fees and costs.

Plaintiff's Complaint satisfies the plausibility standard of *Iqbal* and *Twombly* and presents well-pled facts demonstrating FCRA violations by both CRAs and furnishers.

Accordingly, the Joint Motion to Dismiss should be denied in full.

## V.   CONCLUSION

For these reasons, Defendants' Joint Motion to Dismiss should be denied in its entirety.

## VI. MOTION TO STRIKE JOINT MOTION TO DISMISS FOR PROCEDURAL NONCOMPLIANCE

Plaintiff hereby moves, pursuant to Fed. R. Civ. P. 12(f), to strike Defendants' Joint Motion to Dismiss (Doc. 9) for failure to comply with the Fed. R. Civ. P. 7.1(a)(1) and this Court's Standing Order.

Equifax Inc,, a nongovernmental corporate party named in this action, failed to file a corporate disclosure statement prior to or simultaneously with its first filing. Its first and only filing to date is its participation in the joint motion to dismiss. The applicable rule is explicit:

*"A nongovernmental corporate party must file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court."* – Fed. R. Civ. P. 7.1(a)(1)

Judge Pulliam's Standing Order likewise mandates that disclosure statements be filed "with or before" a party's first filing.

As of the date of this filing, Equifax has not complied with these obligations. Because the motion is a joint filing, and not severable by party, the procedural defect contaminates the entire submission.

Plaintiff respectfully requests that the Court strike the Joint Motion to Dismiss (Doc. 9) in its entirety as procedurally improper.

**In the Alternative:**

Should the Court decline to strike the Joint Motion to Dismiss in its entirety, Plaintiff respectfully requests that the Court consider the foregoing arguments in Sections I through V as a complete and timely opposition to the Motion to Dismiss under Rule 12(b)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Deny Defendants' Joint Motion to Dismiss;
2. Strike the Joint Motion to Dismiss in its entirety for failure to comply with Fed. R. Civ. P. 7.1(a)(1);
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Matthew Mutch
Matthew Mutch
Plaintiff, Pro Se
173 Caddell Lane
New Braunfels, TX 78130
Email: mattmutch@gmail.com
Phone: (562) 458-7790

# CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of December 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court and served upon the following counsel of record via the Court's CM/ECF system:

Marc F. Kirkland Texas Bar No. 24046221
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT &MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Counsel for Trans Union LLC

Vincent J. Hess
Vince.hess@troutman.com
Troutman Pepper Locke LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Counsel for Experian Information Solutions, Inc.

CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
FORREST M. "TEO" SEGER III
TSeger@clarkhill.com
Counsel for Defendant, Equifax Inc.

Cullen Garrett Pick
Morgan Lewis and Bockius LLP

1000 Louisiana Street
Suite 4000
Houston, TX 77002
713-890-5000
cullen.pick@morganlewis.com

Brandon S. Stein
Husch Blackwell LLP
2415 E. Camelback Road
Suite 500
Phoenix, AZ 85016
480-824-7890
brandon.stein@huschblackwell.com

                                                /s/ Matthew Mutch
                                                Matthew Mutch