IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW MUTCH, | § | |
| *Plaintiff,* | § | 5:25-CV-01311-JKP-RBF |
| | § | |
| vs. | § | |
| | § | |
| TRANSUNION LLC, EQUIFAX, INC., | § | |
| EXPERIAN SERVICES CORP., | § | |
| AMERICAN EXPRESS COMPANY, | § | |
| NELNET, INC., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is the status of the above-referenced case as well as several pending

motions, including Defendant Nelnet Servicing, LLC's Unopposed Motion for Extension of Time

to File Answer, Dkt. No. 6, Defendants Trans Union, LLC, Equifax Information Services, LLC,

and Experian Information Solutions, Inc.'s Joint Motion to Dismiss, Dkt. No. 9, Defendant

American Express National Bank's Unopposed Motion for Extension of Time to File Answer, Dkt.

No. 10, as well as Plaintiff Matthew Mutch's Pro Se Motion for Permission to File Electronically,

Dkt. No. 8, Motion to Amend Complaint, Dkt. No. 16, and Motion for Leave to Amend Response,

Dkt. No. 18. This case was referred by the District Judge to the Magistrate Judge for disposition

of all nondispositive pretrial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules

for the United States District Court for the Western District of Texas. *See* Dkt. No. 21. Authority

to enter this Order stems from 28 U.S.C § 636(b)(1)(A).

For the reasons discussed below, **IT IS ORDERED THAT**

**1**. Plaintiff's Pro Se Motion to Electronically File, Dkt. No. 8, is **GRANTED.** Plaintiff Mutch may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this cause of action. Plaintiff Mutch is directed to submit his completed E-filing and E-Noticing Registration Form to the email address provided on the form.

**2**. Plaintiff's Motion to Amend Complaint, Dkt. No. 16, which the Court interprets as a Motion for Leave to Amend, is **GRANTED**. On November 18, 2025, Defendants Trans Union, Equifax, and Experian filed a Joint Motion to Dismiss. *See* Dkt. No. 9. The Joint Motion to Dismiss includes a certificate of conference that states:

> The movants hereby certify that they complied with Judge Pulliam's Standing Order by informing the Plaintiff of the basis of the Motion. These conferences took place on November 12, 2025. Plaintiff did not timely amend his pleading.

Dkt. No. 9 at 14. On November 24, 2025, Plaintiff Mutch filed a Motion to Amend the Complaint that includes an advisory of Mutch's intent to amend and attaches to the advisory his First Amended Complaint. *See* Dkt. Nos. 16, 16-1.

Pursuant to the Court's Standing Order, *see* Dkt. No. 3, "[c]ounsel shall confer with opposing counsel and provide written notice prior to filing a Federal Rule 12(b)(6) Motion to Dismiss." *Id*. at 1. "Following this notification conference, if the Plaintiff intends to amend the pleading, the Plaintiff shall file an Advisory of such intent within seven (7) days of receipt of the notification letter. The Amended Complaint must be filed within seven (7) days of the filing date of the Advisory." *Id*. The difficulty presented here is that there are multiple defendants, and not all of them filed a motion to dismiss. The Court is therefore now in a position of potentially either (1) cutting of Plaintiff's opportunity to amend only as to claims against defendants who filed a motion to dismiss and invoked the standing order, (2) allowing amendment in light of Plaintiff's

pro se status and the unclear application of the standing order as to certain defendants, or (3) cutting off an opportunity to amend in total. The third option presents notice and fairness issues. The first option threatens to complicate the pleadings and the proceedings. The second option, while not ideal, is the best choice under the circumstances of this case, as explained next.

It is true that based on the Certificate of Conference in Defendants' Motion to Dismiss, *see* Dkt. No. 9 at 14, Plaintiff's Motion to Amend is likely untimely, if it is construed as a notice of intent to amend under the standing order. But the Court notes that Plaintiff Mutch is proceeding pro se. A pro se plaintiff is held to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Moreover, how the standing order ought to apply in a situation where there are multiple defendants and only some file a motion to dismiss is not readily apparent. In such circumstances, leniency for a pro se litigant is likely warranted. Also, Mutch's delay was not substantial. Assuming Defendants' conference on November 12, 2025, was in fact compliant with the Standing Order (and there's no reason to suspect otherwise), the Advisory from Plaintiff notifying the Court of an intent to amend was due November 19, 2025, making the Amended Complaint due November 26, 2025. Mutch filed his Motion to Amend on November 24, 2025. *See* Dkt. No. 16. Put another way, the advisory was late but the Amended Complaint was not, provided the Court grants leave for a late-filed November 24 advisory, which it does under these somewhat unique circumstances.

In light of the foregoing, and the policy that "[t]he court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), the Court **GRANTS** Plaintiff Mutch's Motion to Amend, Dkt. No. 16. The Clerk is **DIRECTED** to place on the public docket the document at docket entry number 16-1 and label it "Plaintiff's Amended Complaint."

**3**. Defendant Nelnet's Unopposed Motion for Extension of Time to File Answer, Dkt. No. 6, and Defendant American Express' Unopposed Motion for Extension of Time to File Answer, Dkt. No. 10, are **MOOT** in light of Plaintiff's Amended Complaint. Defendants' time to respond to Plaintiff's Amended Complaint is 14 days after service of the amended pleading. *See* Fed. R. Civ. P. 15(a)(3). This deadline can be extended by motion, if needed.

**4**. Defendants Trans Union, Equifax, and Experian's Joint Motion to Dismiss Plaintiff's Complaint, Dkt. No. 9, and Plaintiff Mutch's Motion for Leave to Amend Response, Dkt. No. 18, are also **MOOT** in light of Plaintiff's Amended Complaint. Defendants may re-file a motion to dismiss that addresses the Amended Complaint, if they wish to do so.

### Conclusion

Plaintiff's Pro Se Motion for Permission to File Electronically, Dkt. No. 8, is **GRANTED**.

Plaintiff Mulch's Motion to Amend Complaint, Dkt. No. 16, is **GRANTED**. The **Clerk is DIRECTED** to place on the public docket the document at docket entry number 16-1 and label it "Plaintiff's Amended Complaint."

Defendant Nelnet's Motion for Extension to File Answer, Dkt. No. 6, Defendant American Express' Motion for Extension of Time to File Answer, Dkt. No. 10, Defendants Trans Union, Equifax, and Experian's Joint Motion to Dismiss, Dkt. No. 9, and Plaintiff's Motion for Leave to Amend Response, Dkt. No. 18, are **MOOT without prejudice**, in light of Plaintiff's Amended Pleading.

**IT IS SO ORDERED**.

**SIGNED** this 5th day of December, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE