UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MATTHEW MUTCH, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. 5:25-cv-01311-JKP |
| TRANSUNION LLC; EQUIFAX, INC.; § | |
| EXPERIAN SERVICES CORP.; § | |
| AMERICAN EXPRESS COMPANY; § | |
| NELNET, INC., § | |
| § | |
| Defendants. § | |

**DEFENDANT NELNET SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND JURY DEMAND, AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Nelnet Servicing, LLC (hereinafter, "Nelnet"), by and through the undersigned Counsel, hereby files this Motion to Dismiss Plaintiff's First Amended Verified Complaint for Damages and Jury Demand (hereinafter, the "FAC"), pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Nelnet states the following:

**I.       INTRODUCTION**

1.      The Fair Credit Reporting Act ("FCRA") is a federal consumer protection statute designed to protect consumers from the consequences of inaccurate credit reporting. Surprisingly, a number of courts have had to address the question of whether an FCRA claim can be asserted when there are no allegations (or the plaintiff cannot prove) that inaccurate credit reporting occurred. In these cases, the Fifth Circuit Court of Appeals, as well as numerous federal circuit courts of appeal, have consistently concluded that to be able to prevail on an FCRA claim, the plaintiff must be able plead and ultimately demonstrate that inaccurate credit reporting occurred. Plaintiff here does not allege any inaccurate credit reporting occurred, which requires dismissal of his FAC.

1

## II.  SUMMARY OF THE ALLEGATIONS OF THE FAC

2. Plaintiff is a borrower of student loans that Nelnet services. Plaintiff claims that Trans Union, Equifax, and Experian (hereinafter, the "CRAs") were reporting "factual inaccuracies" and "inaccurate tradeline data" on the account reported by Nelnet. ECF No. 16-1, ¶¶ 16, 27, 36.

3. Plaintiff alleges that on June 5, 2025, he submitted credit disputes to the CRAs "identifying specific factual inaccuracies appearing in Plaintiff's credit file" and "inaccurate tradeline data." ECF No. 16-1, ¶ 17, 27. Specifically as to Experian, Plaintiff claims that he disputed "the accuracy of multiple accounts… including those associated with…Nelnet." ECF No. 16-1 at ¶ 36. Plaintiff also alleges that he sent a formal written dispute directly to Nelnet "concerning materially inaccurate tradeline reporting" and the dispute "detailed multiple inaccuracies including erroneous reporting dates." ECF No. 16-1, ¶ 61.

4. Plaintiff contends with respect to Experian only that his dispute "identified specific errors including inaccurate balance information" and "erroneous payment histories." ECF No. 16-1, ¶ 37. Plaintiff, however, does not identify whether the aforementioned allegation relates to American Express or Nelnet (or some other creditor), and does not say what was inaccurate about the balance information and payment histories (or why they were inaccurate).[1]

5. Plaintiff alleges that the CRAs and Nelnet failed to investigate his credit disputes and continued reporting inaccurate data after the disputes. ECF No. 16-1, ¶¶ 23, 33, 43, 70. In "Suit 5" and Causes of Action 12 and 13 of Plaintiff's FAC, Plaintiff alleges that Nelnet violated

---

[1] In the section of the FAC directed towards American Express, Plaintiff repeats these allegations that he directly disputed with American Express about "inaccurate balance, payment history, and date of last activity." *See* ECF No. 16-1, ¶ 48. These allegations are not present in the similar section that is directed towards Nelnet. *See* ECF No. 16-1, ¶¶ 60-71.

15 U.S.C. § 1681s-2(b) of the FCRA as the result of Nelnet's alleged failure to conduct reasonable investigations. ECF No. 16-1, ¶¶ 126-133.

### III. PROCEDURAL HISTORY

6. Plaintiff filed this lawsuit on October 9, 2025. ECF No. 1. On November 18, 2025, the CRAs moved to dismiss Plaintiff's Complaint on the basis that he failed to allege inaccurate credit reporting (among other reasons), the same argument Nelnet makes in this Motion. ECF No. 9.

7. On November 24, 2025, after the CRAs filed their motion, Plaintiff sought leave to amend his Complaint. ECF No. 16. The Court granted Plaintiff's Motion on December 5, 2025, and ruled that the FAC contained within ECF No. 16-1 is the operative pleading. ECF No. 22.

### IV. STANDARD OF REVIEW

8. Pursuant to FED. R. CIV. P. 12(b)(6), a complaint should be dismissed when the allegations fail to state a claim upon which relief can be granted. To survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," not simply conceivable. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "facial plausibility" standard demands that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "Threadbare recitals of the elements of a cause of action," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9. Additionally, dismissal is appropriate if the complaint fails to establish at least one material element necessary to sustain recovery under some actionable legal theory. *N.R. by and through S.R. v. Raytheon Co.*, 24 F. 4th 740,746 (1st Cir. 2022). *See also Orlando v. Parker*, No. 423-cv-0285, 2024 U.S. Dist. LEXIS 105420, at *2, 2024 WL 2981739 (N.D. Tex. June 13, 2024)

("Under the 12(b)(6) standard… the plaintiff must allege facts that support each element of the cause of action in order to state a valid claim.")

V.      **ARGUMENT**

10.     This Court should dismiss Plaintiff's FCRA claims against Nelnet because Plaintiff has failed to plead any facts articulating the basis for any alleged inaccurate credit reporting by Nelnet.

11.     Plaintiff alleges that Nelnet violated 15 U.S.C. § 1681s-2(b), the portion of the FCRA that governs the obligations of furnishers of information (as opposed to the requirements applicable to CRAs). *See* ECF No. 16-1, ¶¶ 125-133. Under that section, after a furnisher receives notice of a credit dispute that a consumer has submitted to a CRA from the CRA, the furnisher is obligated to conduct a reasonable investigation of the dispute within 30 days. 15 U.S.C. § 1681s-2(b)(1). If the furnisher's investigation reaches the conclusion (or should have reached the conclusion) that the disputed information is incomplete or inaccurate, the furnisher must correct that information with the CRA. 15 U.S.C. § 1681s-2(b)(1)(C)-(D).

12.     Federal appellate courts have repeatedly held that the sections of the FCRA that address investigations into disputes of inaccurate credit reporting (including specifically as to furnishers), require proof of inaccurate credit reporting after the completion of the investigation as a required element of the claim. Plaintiff here cannot establish that element, as he makes nothing more than vague, conclusory, and dogmatic allegations that there just was inaccurate credit reporting and that is all. Plaintiff does not say what component of Nelnet's credit reporting of his loan was inaccurate, and why it was inaccurate, or what it should have been instead. The pleading rules entitle Nelnet to be put on fair notice of what Plaintiff thinks it did wrong, so that Nelnet can attempt to mount a defense to the claims. Plaintiff's FAC fails to comply with those obligations. As a result, Plaintiff's FCRA claims against Nelnet should be dismissed.

### A. Inaccuracy in Credit Reporting is a Threshold Element of Any FCRA Claim Against a Furnisher.

13. There is no question that an FCRA plaintiff must plead and establish inaccurate credit reporting to prevail on a claim against a furnisher. Plaintiff fails to do that here.

14. The Fifth Circuit Court of Appeals in *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) "join[ed] the other circuits in concluding that inaccuracy is a threshold requirement for § 1681i claims." The Fifth Circuit cited the First Circuit Court of Appeals' decision in *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008), which reached the same conclusion.

15. While § 1681i applies to CRAs and not furnishers, in *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 37–38 (1st Cir. 2010), the First Circuit Court of Appeals also cited *DeAndrade* to extend *DeAndrade's* ruling to FCRA claims brought against furnishers under § 1681s-2(b). *Chiang* did so because "Section 1681s-2(b) imposes essentially the same obligation on furnishers of information [as § 1681i does on CRAs], requiring them to determine if furnished information is "incomplete or inaccurate." *Id.* at 37. *Chiang* explained that in light of the "parallel obligations imposed on CRAs and furnishers…" that the "same rationale supports requiring a showing of actual inaccuracy in suits against furnishers." 595 F.3d at 38. *See also Ostiguy v. Equifax Info. Servs., LLC*, No. 16-cv-790, 2017 U.S. Dist. LEXIS 74746, at *12 (W.D. Tex. May 4, 2017) (citing *Chiang* and explaining "as other courts have noted, section 1681s-2(b) requires a showing of a factual inaccuracy in suits against furnishers for the same rationale that section 1681i(a) requires a showing of a factual inaccuracy in suits against CRAs—namely, that damages would be impossible to prove without an inaccuracy."); *Alcala v. Popular Auto, Inc.*, 828 F. Supp. 2d 437, 440 (D.P.R. 2011) ("Section § 1681i(a) mandates that a CRA reinvestigate reported information to determine whether the disputed data is 'inaccurate.' Section 1681s-2(b) imposes essentially the

5

same obligation on furnishers of information, requiring them to determine if furnished information is 'incomplete or inaccurate.'").

16. *Chiang* referenced *DeAndrade's* explanation that it is "difficult to see how a plaintiff could prevail on a claim for damages" based on an unreasonable investigation of disputed credit reporting "'without a showing that the disputed information . . . was, in fact, inaccurate.' 595 F.3d at 39. The Fourth Circuit in *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 253 (4th Cir. 2025) also agreed that "An essential element of a claim that a furnisher has violated its duty to investigate indirect disputes of information in a consumer's credit report [under the FCRA] is that the information in question was actually inaccurate or incomplete."

17. The reasoning from *Chiang* (and the other courts cited) makes it clear that *Reyes*' ruling applies to Nelnet just as it does to the CRAs.[2] District Courts in the Fifth Circuit have recognized this notion and ruled accordingly. *See Sanders v. JP Morgan Chase Bank N.A. JPMCB Card*, No. 24-cv-01093, 2025 U.S. Dist. LEXIS 194727, at *4-5, 2025 WL 2792766 (W.D. Tex. Aug. 29, 2025) (requiring inaccurate credit reporting as an "essential element" of a § 1681s-2(b) claim); *Ruggiero v. Rent Recovery Sols., LLC*, No. 23-cv-01360, 2025 U.S. Dist. LEXIS 188808, at *10 (W.D. Tex. Sept. 25, 2025) (citing *Reyes* and explaining that a § 1681s-2(b) claim requires a showing of factual inaccuracy); *Ostiguy*, 2017 U.S. Dist. LEXIS 74746, at *12 (citing *Chiang*

---

[2] *DeAndrade* applied the inaccuracy element to a claim under § 1681i based on how "the weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." 523 F.3d at 67. Since *DeAndrade* was decided, numerous other circuit courts have added to this weight of authority even further. *See Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) ("We join the weight of authority in other circuits to conclude that a showing of inaccuracy is an essential element of a § 1681i claim."); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) ("[T]o prevail on a section 1681e claim against a [CRA], it is necessary for a plaintiff to establish, among other things, that a credit report contains an inaccuracy." (citations omitted)); *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344 (3d Cir. 2022) ("[B]efore a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (Any claim under § 1681i "must make a 'prima facie showing of inaccurate [credit] reporting.'"); *Kuehling v. Trans Union, LLC*, 137 Fed. App'x. 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Keuhling cannot establish that Trans Union violated the FCRA."); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (holding that proof of "inaccuracy of the report" is essential to prevail on a § 1681i claim).

and explaining "as other courts have noted, section 1681s-2(b) requires a showing of a factual inaccuracy in suits against furnishers for the same rationale that section 1681i(a) requires a showing of a factual inaccuracy in suits against CRAs—namely, that damages would be impossible to prove without an inaccuracy."). In *Spencer v. Specialized Loan Servicing*, No. 19-cv-1536, 2021 U.S. Dist. LEXIS 1944497, at *16-17, 2021 WL 4552548 (N.D. Tex. Sept 1, 2021), the court explained that the Fifth Circuit "has affirmed district court rulings that required consumers to demonstrate actual inaccuracies in the furnished information as a prerequisite to recovery under § 1681s-2(b)[,]" and, as a result, "agree[d] that § 1681s-2(b) requires an initial showing of factual inaccuracy in the information provided by a furnisher to a CRA as a prerequisite to recovery."

18. In short, when alleging a claim under § 1681s-2(b) against a furnisher, the plaintiff is required to plead (and ultimately prove) that the furnisher engaged in inaccurate credit reporting after they disputed that inaccurate information. As discussed in the next section, Plaintiff's FAC fails to do that.

### B. Plaintiff's FCRA Claims Against Nelnet Should be Dismissed Because He Fails to Sufficiently Plead Inaccurate Credit Reporting.

19. Plaintiff's FAC should be dismissed because there are no allegations establishing an articulated factual theory of any inaccurate credit reporting that Nelnet engaged in. Plaintiff's FAC instead requires Nelnet (and the Court) to guess as to what Nelnet apparently did wrong and how Nelnet should defend itself, which is not the operative pleading standard.

20. The extent of Plaintiff's allegations on the issue of inaccuracy is that on June 5, 2025, he submitted credit disputes to the CRAs "identifying specific factual inaccuracies appearing in Plaintiff's credit file." ECF No. 16-1, ¶ 16. Plaintiff later says that the CRAs were reporting "factual inaccuracies" in the "tradeline data related to…Nelnet" and were providing "inaccurate

7

tradeline data (including accounts reported by…Nelnet."). ECF No. 16-1, ¶¶ 16, 27, 36. Specifically as to Experian, Plaintiff claims that he disputed "the accuracy of multiple accounts… including those associated with…Nelnet." *Id.* at ¶ 36. Plaintiff also alleges that he sent a formal written dispute directly to Nelnet[3] "concerning materially inaccurate tradeline reporting" and the dispute "detailed multiple inaccuracies including erroneous reporting dates." ECF No. 16-1, ¶ 61.

21.  These are mere conclusory allegations that do not identify any inaccuracy. While Plaintiff is not required to make Fed. R. Civ. P. 9(b) type allegations on inaccuracy, he must provide *something*, and certainly more than mere legal conclusions and speculation that something is apparently wrong but no one knows what it is. All that Plaintiff had to have done was to say what he believed was wrong with Nelnet's credit reporting, and why he thought it was wrong (or what it should have been instead). He has failed to do so.

22.  The case of *Omiagbophillips v. Digit. Fed. Credit Union*, No. 23-cv-240, 2024 U.S. Dist. LEXIS 37268, at *11-12, 2024 WL 898914 (E.D. Tex. Feb. 8, 2024) is directly on point. In *Omiagbophillips*, the plaintiff asserted a § 1681s-2(b) claim against a furnisher, and alleged that he "noticed several errors" on his consumer report, which he disputed. *Id.* at *11. The Court explained that "without further information regarding the alleged errors, plaintiff's allegations are conclusory statements and do not rise above the level of mere speculation." *Id.* at *12. The Court

---

[3] Even if Plaintiff had plausibly alleged an inaccuracy (he does not), any disputes made directly to Nelnet are not actionable under the FCRA anyway. *See Henry v. Cap. One Bank (USA), N.A.*, No. 17-CV-2962, 2018 WL 4346727, at *3 (N.D. Tex. Aug. 9, 2018), *R&R adopted*, No. 17-CV-2962, 2018 WL 4335834 (N.D. Tex. Sept. 11, 2018) (observing that "the 'notice' required to trigger a furnisher's duties under section 1681s–2(b) must come from a CRA and 'cannot come[to the furnisher] directly from the consumer'"); *Brown v. Wal-Mart Stores, Inc.*, 507 Fed. Appx. 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute…. Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint."); *Alam v. Sky Recovery Servs., Ltd.*, No. 08-cv-2377, 2009 WL 693170, at *4 (S.D. Tex. Mar. 13, 2009) ("It is well settled that there is no private right of action for violations of § 1681s–2(a) [a direct dispute]."); *Simonson v. IQ Data, Int'l, Inc.*, 698 F. Supp. 3d 1055, 1065 (W.D. Wis. 2023) ("Section 1681s-2(a)(8) allows the consumer to file a dispute with the furnisher directly, but the consumer has no private right of action if the furnisher fails to take action in that situation"); *Chiang*, 595 F.3d at 35, n8 (reciting same principle).

concluded that the complaint failed "to provide sufficient detail to give notice to Defendant about the nature of Plaintiff's dispute. Thus, Plaintiff must specifically allege the inaccuracy that he noted in his credit report to survive the motion to dismiss." *Id. See also Martin v. Equifax Info. Servs., LLC*, No. 19-cv-3691, 2020 U.S. Dist. LEXIS 67649, at *5, 2020 WL 1904496 (S.D. Tex. April 17, 2020) ("Any conclusory allegations by Plaintiff that the report is inaccurate do not create a claim sufficient to survive a motion to dismiss.")

23.   The same situation is at play here. Plaintiff has provided, at best, boilerplate, conclusory allegations that something is wrong, but no one knows what was wrong, or why it was wrong. The best Plaintiff has alleged is that, with respect to Experian, it was reporting "specific errors including inaccurate balance information" and "erroneous payment histories." ECF No. 16-1, ¶ 37. It seems these allegations refer to American Express. *Compare* ECF No. 16-1, ¶ 48 (where Plaintiff uses that same language directed specifically towards American Express) to ECF No. 16-1, ¶ 61 (Plaintiff's allegations directed towards Nelnet discuss only "materially inaccurate tradeline reporting" and "erroneous reporting dates.") But even if Plaintiff had directed those allegations to Nelnet, he fares o better because Plaintiff says nothing more about the alleged errors. Plaintiff says the errors are "specific," but does not allege a single fact to identify those apparently specific errors. He does not say what is inaccurate or erroneous about the balance information or the payment histories, such as by explaining why they are wrong, or what they should be instead to be accurate. *See Omiagbophillips*, 2024 U.S. Dist. LEXIS 37268, at *11-12 (explaining that the plaintiff "must specifically allege the inaccuracy that he noted in his credit report to survive the motion to dismiss" and "without further information regarding the alleged errors, plaintiff's allegations are conclusory statements and do not rise above the level of mere speculation.")

24.   As a result, Nelnet has no notice of how to defend this suit, and, along with the Court and the remaining parties, is left to guess as to what Plaintiff's theory of the case is. Plaintiff

has failed to meet the operative pleading standard by not providing any details about what the alleged inaccuracy is. For these reasons, dismissal with prejudice is appropriate.

## VI.   CONCLUSION

25.   This Court has a generous standing order that is meant to give plaintiffs an opportunity to amend around a potential motion to dismiss without any consequence when the defendant calls their attention to insufficient pleadings, if the plaintiff wants that opportunity. However, the trade-off is that the Court also requires the plaintiff to live with the choice they make. If the plaintiff chooses not to amend, the Court's order contemplates that dismissal with prejudice occur with no leave to amend upon a successful motion to dismiss.

26.   Plaintiff here amended his complaint even before Nelnet began the process of following the Court's standing order and identifying the deficiencies in the pleading and informing Plaintiff of his opportunity to amend. In fact, Plaintiff amended his Complaint after the CRAs made the exact same argument previously that Nelnet makes now. *See* ECF No. 9. When Nelnet later raised the Court's standing order process to Plaintiff and informed him that he had another opportunity to try to correct his pleading to stave off dismissal, Plaintiff explicitly declined to amend again. Plaintiff stated that he "stand[s] by my pleading (ECF No. 16-1), which properly alleged both inaccuracy and failure to comply with the [FCRA]…" The reason Plaintiff has not amended to allege an inaccuracy, is because there is no inaccuracy that exists for him to allege. This Court should therefore dismiss this case with prejudice as a consequence, as Plaintiff has failed to allege a basic element of his claim after three tries (or opportunities).

WHEREFORE, PREMISES CONSIDERED, Defendant Nelnet Servicing, LLC respectfully requests that the Court enter an Order granting this Motion to Dismiss, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

DATE: December 11, 2025

Respectfully submitted,
HUSCH BLACKWELL LLP

By: */s/ Brandon S. Stein*
Brandon S. Stein
HUSCH BLACKWELL LLP
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
(480) 824-7890 – Telephone
(480) 824-7905 – Facsimile
Brandon.Stein@HuschBlackwell.com
ATTORNEYS FOR DEFENDANT NELNET
SERVICING, LLC

## CERTIFICATE OF CONFERENCE & COMPLIANCE WITH SECTION 1 OF COURT'S STANDING ORDER

I certify that I, as counsel for Nelnet, conferred with the Plaintiff regarding the relief sought in this Motion on December 5, 2025 over the phone and via e-mail. I informed Plaintiff of the basis of this instant Motion and also made him aware of his right to amend his pleading under the Court's standing order. I asked Plaintiff if his intention was to amend his pleading, or to instead defend against this motion. Plaintiff elected not to amend his complaint, and instead said that he stood by his pleading.

/s/ *Brandon S. Stein*
Brandon S. Stein

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following on December 11, 2025, via the CM/ECF Filing system to all parties of record.

By: */s/ Brandon S. Stein*
Brandon S. Stein

11