UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MATTHEW MUTCH, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. 5:25-cv-01311-JKP |
| TRANSUNION LLC; EQUIFAX, INC.; § | |
| EXPERIAN SERVICES CORP.; § | |
| AMERICAN EXPRESS COMPANY; § | |
| NELNET, INC., § | |
| § | |
| Defendants. § | |

**DEFENDANT NELNET SERVICING, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES AND JURY DEMAND**

Defendant Nelnet Servicing, LLC (hereinafter, "Nelnet"), by and through the undersigned Counsel, hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's First Amended Verified Complaint for Damages and Jury Demand (ECF No. 24). In support thereof, Nelnet states the following:

**I.   INTRODUCTION**

1.     Plaintiff's Response in Opposition to Defendant Nelnet's Motion to Dismiss (ECF No. 25, and hereinafter, the "Response") *still* does not explain what was allegedly inaccurate about the credit reporting his case is based on. Plaintiff has failed in this respect despite even impermissibly submitting a declaration in support of the Response. After two complaints, and two responses to motions to dismiss that contended that Plaintiff has failed to allege inaccurate credit reporting, the parties and the Court are still left wondering what was allegedly inaccurate about the credit reporting at issue. This failure compels dismissal of Plaintiff's First Amended Complaint (ECF No. 16-1, and hereinafter, the "FAC") with prejudice.

## II. ARGUMENT

### A. Although the Court Must Look Only to the Operative Pleading, Plaintiff's Response and Declaration *Still* Fail to Identify What was Allegedly Inaccurate About the Credit Reporting.

2. Plaintiff's Response, which contains an impermissible declaration (ECF No. 24-1), supports Nelnet's position that Plaintiff has not articulated a theory of inaccurate credit reporting, and has failed to state a claim as a result.

3. For starters, Plaintiff's Response says that the FAC has provided "specific facts" supporting his theory of inaccurate credit reporting. ECF No. 25, p. 4. Plaintiff's FAC does identify specific facts, but on just about every topic *except* the key threshold element: the allegedly inaccurate credit reporting. Plaintiff's Response does not identify any factual allegations contained in the FAC that say what was inaccurate about Nelnet's credit reporting, and how it was inaccurate. That is because none exist. This alone is fatal to Plaintiff's theory.

4. Plaintiff seems to acknowledge that the FAC lacks these critical allegations by alleging new facts in the Response and relying upon a declaration that he attaches to his Response to attempt to survive dismissal. This attempt fails for two reasons.

5. First, as this Court has very recently recognized, "new factual allegations alleged in a response to a motion to dismiss are not properly before the court and will not be considered when ruling on a motion to dismiss." *Qashou v. City of San Antonio, S.A. Police Dep't*, No. 25-cv-459, 2025 U.S. Dist. LEXIS 234487, at *12-13, 2025 WL 3461736 (W.D. Tex. Dec. 2, 2025, Pulliam, J.). "[T]he court is limited to considering the contents of the operative complaint and its attachments." *Id.* citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). This limitation includes the court not considering a declaration attached to a response to a motion to dismiss. *See Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 758 (N.D. Tex. 2013) (explaining that evidence submitted in response to a motion to dismiss are not part of the pleadings and cannot

be considered by the court in ruling on a Fed. R. Civ. P. 12(b)(6) motion) (citations omitted). Therefore, Plaintiff's declaration and the parts of his Response that relies on it and contain new allegations, cannot be considered in determining whether the FAC states a claim.

6. But second, even if the new allegations and evidence in the Response and the declaration were considered, they would not advance the ball for Plaintiff any further. While the Response and the declaration do identify certain fields of credit reporting that Plaintiff says were inaccurate (*see* ECF No. 25, ¶ 2; ECF No. 25-1, ¶ 2) neither the Response nor the declaration explain *why* or how those fields were inaccurate. That is critical. Plaintiff does not say why or how they were inaccurate, because he has no explanation -- they were not inaccurate. Plaintiff's allegations are pure speculative conclusions that cannot survive dismissal. *See Omiagbophillips v. Digit. Fed. Credit Union*, No. 23-cv-240, 2024 U.S. Dist. LEXIS 37268, at *11-12, 2024 WL 898914 (E.D. Tex. Feb. 8, 2024) (explaining that the plaintiff "must specifically allege the inaccuracy that he noted in his credit report to survive the motion to dismiss" and "without further information regarding the alleged errors, plaintiff's allegations are conclusory statements and do not rise above the level of mere speculation."); *Martin v. Equifax Info. Servs., LLC*, No. 19-cv-3691, 2020 U.S. Dist. LEXIS 67649, at *5, 2020 WL 1904496 (S.D. Tex. April 17, 2020) ("Any conclusory allegations by Plaintiff that the report is inaccurate do not create a claim sufficient to survive a motion to dismiss.")

7. After two complaints, and two response briefs which included extrinsic evidence not to be considered by the Court, there is still no articulated theory of what was allegedly inaccurate about Nelnet's credit reporting. That is because there was nothing inaccurate about Nelnet's credit reporting. Plaintiff's case against Nelnet has reached the end of the road.

### B. There is no Private Right of Action Based on a Direct Dispute Theory.

8. Plaintiff's declaration focuses on an alleged dispute letter dated June 5, 2025 that Plaintiff says he sent to directly to Nelnet. ECF No. 25, ¶ 2; ECF No. 25-1, ¶ 2. As Nelnet explained in its Motion to Dismiss, there is no private right of action for a consumer against a furnisher of information based on a direct dispute theory. *See* ECF No. 24, p. 8, fn 3.

9. But even if such a theory was actionable, it would be a side-show. Plaintiff says that the June 5, 2025 letter "listed the specific details of the inaccuracies…[,]" and he seems to characterize that letter as the best evidence of his contention of inaccuracy. *See* ECF No. 16-1, ¶ 61; ECF No. 25-1, ¶ 2. Nelnet attaches that letter hereto as Exhibit 1.[1] Plaintiff presumably did not attach this letter to the FAC (or to the declaration) because the letter does not remotely explain why or how the credit reporting was allegedly inaccurate. This is consistent with Plaintiff's pleadings and response briefs. Plaintiff's speculative, conclusory lawsuit must be put to an end.

### III. CONCLUSION

10. Plaintiff has had five opportunities to say what was wrong with Nelnet's credit reporting. Not once has he articulated any remotely cogent theory of inaccurate credit reporting. It should be clear by now that the reason that no inaccurate credit reporting has been alleged, is because none took place.

11. Nelnet has no notice of how to defend this suit, and, along with the Court and the remaining parties, Nelnet is still left guessing as to what Plaintiff's theory of the case is and what Nelnet allegedly did wrong. This scenario is in conflict with the pleading standards. Plaintiff has no FCRA claims against Nelnet, and they must be dismissed with prejudice.

---

[1] *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (in adjudicating a 12(b)(6) motion, the court may consider documents that are referred to in the complaint and central to the plaintiff's claims).

WHEREFORE, PREMISES CONSIDERED, Defendant Nelnet Servicing, LLC respectfully requests that the Court enter an Order granting its Motion to Dismiss, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

DATE: December 16, 2025

Respectfully submitted,
HUSCH BLACKWELL LLP

By: */s/ Brandon S. Stein*
Brandon S. Stein
HUSCH BLACKWELL LLP
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
(480) 824-7890 – Telephone
(480) 824-7905 – Facsimile
Brandon.Stein@HuschBlackwell.com
ATTORNEYS FOR DEFENDANT NELNET SERVICING, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following on December 16, 2025, via the CM/ECF Filing system to all parties of record.

By: */s/ Brandon S. Stein*
Brandon S. Stein