**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MATTHEW MUTCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:25-CV-01311-JKP |
| TRANSUNION LLC, EQUIFAX, INC., | § | |
| EXPERIAN SERVICES CORP., | § | |
| AMERICAN EXPRESS COMPANY, and | § | |
| NELNET, INC. | § | |
| | § | |
| Defendants. | § | |

**CRA DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants Trans Union, LLC, improperly identified a TransUnion, LLC ("Trans Union"),

Equifax, Inc. and Experian Information Solutions, Inc. ("CRA Defendants"), by and through their

counsel, hereby submit their Response in Opposition to Plaintiff's Motion for Leave to File Second

Amended Complaint ("Motion for Leave"). Dkt. No. 30.

## I.     INTRODUCTION

On November 18, 2025, CRA Defendants filed a Joint Motion to Dismiss *pro se* Plaintiff

Matthew Mutch's ("Plaintiff") original Complaint ("Original Complaint"). *See* Dkt. No. 9. In

response to the Motion, Plaintiff subsequently amended his Complaint on December 5, 2025. *See*

Dkt. No. 16-1. CRA Defendants then filed a second Motion to Dismiss, notifying Plaintiff of their

intent to do so in compliance with the Court's Standing Order. *See* Dkt. No. 28. Plaintiff is now

attempting to amend his Complaint a third time in order to try and cure the defects identified in

the CRA Defendants' Motions to Dismiss. Given that he has already had the chance to amend his

complaint and failed to state a plausible claim under the FCRA, the CRA Defendants respectfully request that Plaintiff's Motion for Leave be denied.

## II.     <u>ARGUMENT</u>

### a.  **Plaintiff Has Not Properly Stated a Claim in His First Amended Complaint and is Still Unable to do so in His Second Amended Complaint**

As mentioned, Plaintiff has already been given the opportunity to amend his Complaint. His First Amended Complaint was virtually identical to the Original Complaint with respect to the CRA Defendants; the only significant alteration was correcting the names of the parties. *See* Dkt. No. 16-1; *compare with,* Dkt. No. 9.

Plaintiff failed to state a claim under the Fair Credit Reporting Act ("FCRA") in both his Original and First Amended Complaints, as discussed in further detail in CRA Defendants' Motions to Dismiss, which are hereinafter incorporated by reference. *See* Dkt. Nos. 9 & 28. After already being given the opportunity to amend his Complaint the first time and failing to provide any new details or allegations, Plaintiff has once again amended his Complaint and has failed to state a plausible claim under the FCRA.

In his Second Amended Complaint, Plaintiff asserts that the account balances and other information are inconsistent across the CRA Defendants' reports. Dkt. No. 30-1, at 28, 29, 30, 36, 37, 46, 49, 51, 69, & 73. Plaintiff also adds that he received an adverse action letter from Nathan Cova, denying his mortgage application. *See* Dkt. No. 30-1, at 46.

The Second Amended Complaint still fails to state a valid claim under the FCRA. Plaintiff's allegations of inconsistent reporting between the three CRA Defendants does not identify what information is allegedly inaccurate and instead simply states that the CRA Defendants' reporting had minor deviations from each other (i.e., Trans Union's reporting of an

account reported a balance of $274,923, while Equifax's reporting of the same account reported a balance of $276,339). Dkt. No. 30-1, at 36.

However, inconsistent information on its own is not enough to illustrate that a report is inaccurate. "[A] claim under the FCRA is only actionable if a consumer reporting agency fails to maintain reasonable procedures regarding its reporting of information that *bears on a consumer's creditworthiness*." *Cruel v. Experian*, No. CV 22-5236, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) (emphasis in original). Furthermore, while he claims that it is inaccurate due to the tradelines being inconsistent across the CRA Defendants' reporting, he does not state what the information *should be* reporting as. The tradelines not being completely identical across CRAs does not necessarily make those tradelines inaccurate. Minor discrepancies, such was what Plaintiff alleges, do not render a tradeline or report inaccurate. *See Hindson v. Gen. Motors Fin. Co., Inc*, No. 4:25-CV-00233-SHL-WPK, 2025 WL 3516793, at *7 (S.D. Iowa Oct. 21, 2025) (stating that, "[t]here is no plausible scenario in which these tiny discrepancies would have mattered to a reasonable lender or consumer."); *see also Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-03666, 2019 WL 1856411, at *7 (N.D. Ga. Mar. 4, 2019) (dismissing for failure to state a claim where allegedly misleading statement could not have "materially misled a prospective lender"); *see also Drummond v. Equifax Info. Servs., LLC*, No. 5:20-CV-1362-DAE, 2021 WL 8055631, at *4 (W.D. Tex. July 14, 2021) (defining "inaccurate" as "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.").

Because Plaintiff still fails to state a plausible claim under the FCRA, CRA Defendants request that the Court deny Plaintiff's Motion for Leave.

   **b. Plaintiff is Using the Standing Order to Evade a Decision on CRA Defendants' Motion to Dismiss**

After CRA Defendants filed their first Motion to Dismiss, Plaintiff subsequently filed his First Amended Complaint, which, as discussed above, did not correct any of the deficiencies identified in the Motion to Dismiss. *See* Dkt. No. 16-1; see also Dkt. No. 9. After the Motion to Dismiss was mooted and Plaintiff filed his First Amended Complaint, the CRA Defendants once again filed a Motion to Dismiss, identifying the same issues that Plaintiff failed to correct. *See* Dkt. No. 28.

Plaintiff is now attempting to file a Second Amended Complaint, which contains the same facts and allegations as the previous two complaints along with the details discussed above. *See* Dkt. No. 30-1. Due to the deficiencies identified above, the CRA Defendants will, once again, file a motion to dismiss should the Motion for Leave be granted.

CRA Defendants thus request that Plaintiff's Motion for Leave be denied.

### III.    CONCLUSION

For the foregoing reasons, CRA Defendants respectfully request that Plaintiff's Motion for Leave to File His Second Amended Complaint be denied.

Respectfully submitted,

*/s/ Marc F. Kirkland*
Marc F. Kirkland
Texas Bar No. 24046221
mkirkland@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5454
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

/s/ Vincent J. Hess
Vincent J. Hess
State Bar No. 09549417
Troutman Pepper Locke LLP
2200 Ross Avenue
Ste 2800
Dallas, TX 75201
214-740-8732
vince.hess@troutman.com
**Counsel for Experian Information Solutions, Inc.**



/s/ Forrest M. "Teo" Seger III
FORREST M. "TEO" SEGER III
State Bar No. 24070587
CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)
TSeger@clarkhill.com
**Counsel for Defendant, Equifax Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of January 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cullen Garrett Pick
Morgan Lewis and Bockius LLP
1000 Louisiana Street
Suite 4000
Houston, TX 77002
713-890-5000
Fax: 713-890-5001
cullen.pick@morganlewis.com
*Counsel for American Express Company*

Brandon S. Stein
Husch Blackwell LLP
2415 E. Camelback Road
Suite 500
Phoenix, AZ 85016
480-824-7890
brandon.stein@huschblackwell.com
*Counsel for Nelnet, Inc.*

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the 6th day of January 2026, properly addressed as follows:

Matthew Mutch
173 Caddell Lane
New Braunfels, TX 78130
*Pro Se Plaintiff*

*/s/ Marc F. Kirkland*
**MARC F. KIRKLAND**
*Counsel for Defendant Trans Union, LLC*