IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW MUTCH, | § § § | |
| *Plaintiff,* | § § | 5:25-CV-01311-JKP-RBF |
| vs. | § § § | |
| TRANSUNION LLC, EQUIFAX, INC., EXPERIAN SERVICES CORP., AMERICAN EXPRESS COMPANY, NELNET, INC., | § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is pro se Plaintiff Matthew Mutch's Motion for Leave to File Second Amended Complaint. *See* Dkt. No. 30; *see also* Dkt. Nos. 32, 33 (Responses). This case was referred by the District Judge for disposition of all nondispositive pretrial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 21. Authority to enter this Order stems from 28 U.S.C § 636(b)(1)(A). For the reasons set forth below, Plaintiff Mutch's Motion for Leave to File Second Amended Complaint, Dkt. No. 30, is **DENIED WITHOUT PREJUDICE**.

Pro se Plaintiff Mutch sued Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, American Express National Bank, and Nelnet Servicing, LLC for violations of the Fair Credit Reporting Act. *See* Dkt. No. 23 (Amended Complaint). The Court granted Mutch's Motion for Leave to Amend his Original Complaint on December 5, 2025, thereby mooting Defendants' Motions to Dismiss. *See* Dkt. No. 22. In its Order, the Court stated that "based on the Certificate of Conference in Defendants' Motion to Dismiss . . . Plaintiff's

Motion to Amend is likely untimely, if it is construed as a notice of intent to amend under the standing order." *Id.* at 3 (internal citation omitted). But, noting that "Mutch is proceeding pro se" and that "how the standing order ought to apply in a situation where there are multiple defendants and only some file a motion to dismiss is not readily apparent," the Court concluded that "leniency for a pro se litigant is warranted" under these circumstances. *Id.* (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). The Court thus granted Plaintiff's untimely Motion for Leave to Amend. *See* Dkt. No. 22.

Defendant Nelnet then filed its Motion to Dismiss Plaintiff's First Amended Complaint on December 11, 2025, *see* Dkt. No. 24, and Defendants Trans Union, Equifax, and Experian filed their Motion to Dismiss Plaintiff's First Amended Complaint on December 19, 2025. *See* Dkt. No. 28. Plaintiff filed his Motion for Leave to File Second Amended Complaint also on December 19, 2025. *See* Dkt. No. 30; *see also* Dkt. Nos. 32, 33 (Responses). Plaintiff moves to amend his first Amended Complaint to "[a]dd factual detail concerning the specific inaccuracies in Nelnet's and American Express's credit reporting, including inconsistencies in tradeline dates and balances as furnished to Equifax, Experian, and TransUnion; [and] [m]ore clearly identify the objective nature of those inaccuracies (e.g., different dates opened, last reported, and last payment) [to] [e]nsure full compliance with the [applicable] pleading standard[s]." Dkt. No. 30, ¶ 6.

The Court's Standing Order states "[t]o advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings *once* before considering a Federal Rule 12(b)(6) Motion to Dismiss." Dkt. No. 3 at 1 (emphasis added). "Under this practice, the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss. Consequently, if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional

opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)).

The Court's standing order in this case is generous in that it affords plaintiffs an opportunity to amend their complaint to avoid a potential motion to dismiss. Here, Plaintiff Mutch took advantage of this procedure and amended his Original Complaint after reviewing the deficiencies stated in Defendants' Motions to Dismiss. The Court, in the interest of leniency given that Mutch is proceeding pro se, granted Mutch leave to do so despite his motion requesting leave being untimely. *See* Dkt. No. 22. Mutch also concedes that he "believes that his current pleadings are sufficient under Rule 8 and applicable precedent [but] acknowledges that additional clarifying detail may assist the Court in resolving the pending motions." Dkt. No. 30, ¶ 5.

Given the clarity of the Court's Standing Order, the potential prejudice to Defendants in requiring them to fully brief a third motion to dismiss since Mutch filed his Original Complaint on October 9, 2025, and Mutch's own admission of his belief that the current pleadings are sufficient, the Court sees fit to deny Plaintiff Mutch's Motion for Leave to File Second Amended Complaint without prejudice to refiling. Plaintiff is further advised that, "[i]f the Court denies the Motion[s] to Dismiss and the case goes forward, the Plaintiff may seek leave of Court to amend the live Complaint later if circumstances warrant or require amendment." Dkt. No. 3. at 2.

3

**IT IS THEREFORE ORDERED** that Plaintiff Mutch's Motion for Leave to File Second Amended Complaint, Dkt. No. 30, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** this 14th day of January, 2026.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE