UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW MUTCH, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 5:25-cv-01311-JKP |
| | § | |
| TRANSUNION, LLC; EQUIFAX, INC; | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC.; AMERICAN | § | |
| EXPRESS NATIONAL BANK; | § | |
| NELNET SERVICING LLC, | § | |
| Defendant(s) | § | |

## OBJECTION TO ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Matthew Mutch, pro se, hereby respectfully submits this objection to the Court's Order dated January 14, 2026 (Dkt. No. 36), denying Plaintiff's Motion for Leave to File Second Amended Complaint. This objection is filed to preserve Plaintiff's rights for appellate review.

### I.    INTRODUCTION

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." This liberal standard is echoed in the Fifth Circuit's

1

long-standing jurisprudence, including *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997), which affirm that leave to amend should be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility.

## II.    PLAINTIFF'S AMENDMENT WAS TIMELY AND IN GOOD FAITH

Contrary to the assumptions in the Court's Order, Plaintiff did not use the amendment process to unnecessarily delay proceedings, harass the Defendants, nor was it in response to a motion to dismiss. Plaintiff filed his First Amended Complaint solely to correct party names. The substance of his FCRA allegations remained materially unchanged. After meeting and conferring with counsel for Trans Union and reviewing their anticipated arguments, Plaintiff sought leave to file the Second Amended Complaint to add factual detail that more clearly illustrated the specific tradeline inaccuracies and the post-dispute violations committed by American Express, Nelnet and the CRAs, as laid out in the SAC (Dkt. No. 30). This was not a repetition of prior amendments, nor did Plaintiff fail to cure deficiencies—he simply provided further clarity.

## III.    THE SECOND AMENDED COMPLAINT STATES A PLAUSIBLE CLAIM

The proposed SAC satisfies Rule 8 and Twombly/Iqbal standards. It clearly alleges:

- The nature of the inaccuracies in American Express's, Nelnet's and the CRAs' reporting;

- The discrepancies across tradeline fields (e.g., date opened, balance, last reported);

- That Plaintiff disputed these inaccuracies multiple times;

- That Defendants continued to report unverifiable or incorrect information post-dispute;

- That Defendants failed to conduct a reasonable reinvestigation as required under 15 U.S.C. § 1681s-2(b) and § 1681i.

The SAC is not futile. The Fifth Circuit in *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001) recognized that FCRA claims may proceed where a plaintiff alleges that furnishers or CRAs failed to reasonably investigate post-dispute. The SAC mirrors this standard.

## IV.    LOCAL RULES SUPPORT PLAINTIFF'S REQUEST

Under Local Rule CV-15(b) of the Western District of Texas, a party may amend a pleading in accordance with Federal Rule 15 without the necessity of seeking leave under certain conditions. Even where leave is required, as here, the rules and case law strongly favor amendment where it serves justice and clarifies the claims.

Additionally, the Court's Standing Order (Dkt. No. 3) permits plaintiffs to seek further leave if motions to dismiss are denied and the case proceeds. The Court itself acknowledged this in its Order (Dkt. No. 36 at 3). Plaintiff respectfully submits that the SAC clarifies the factual and legal grounds underlying the claims, potentially eliminating issues raised in the pending motions to dismiss.

## V.    CONCLUSION

For the reasons above, Plaintiff respectfully objects to the Court's denial of his Motion for Leave to Amend and requests that the Court reconsider its ruling in light of Rule 15(a)(2), the facts presented in the SAC, and Plaintiff's good faith efforts to comply with this Court's rules and directives.

Dated: January 20, 2026

Respectfully Submitted,
/s/ *Matthew Mutch*
Matthew Mutch, Plaintiff, Pro Se
173 Caddell Ln
New Braunfels, TX 78130
Phone: (562) 458-7790
Email: mattmutch@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2026, I caused a true and correct copy of the foregoing *Objection To Order Denying Motion For Leave To File Second Amended Complaint* to be filed with the United States District Court for the Western District of Texas, San Antonio Division, and served upon each Defendant listed below by the court's CM/ECF filing system.

/s/ *Matthew Mutch*