IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW MUTCH,

    *Plaintiff,*

vs.

TRANSUNION LLC, EQUIFAX, INC.,
EXPERIAN SERVICES CORP.,
AMERICAN EXPRESS COMPANY,
NELNET, INC.,

    *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§

5:25-CV-01311-JKP-RBF

**ORDER**

Before the Court is pro se Plaintiff Matthew Mutch's Objection to Order Denying Motion for Leave to File Second Amended Complaint, *see* Dkt. No. 37, which the Court interprets as a Motion for Reconsideration. This case was referred by the District Judge for resolution of all nondispositive pretrial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 21. Authority to enter this Order stems from 28 U.S.C § 636(b)(1)(A). For the reasons set forth below, the Motion for Reconsideration, Dkt. No. 37, is **DENIED**.

Pro se Plaintiff Mutch sued Trans Union, LLC; Equifax Information Services, LLC; Experian Information Solutions; American Express National Bank; and Nelnet Servicing, LLC for alleged violations of the Fair Credit Reporting Act. *See* Dkt. No. 23 (Amended Complaint). The Court, on December 5, 2025, granted Mutch's Motion for Leave to Amend his Original Complaint, thereby mooting Defendants' Motions to Dismiss. *See* Dkt. No. 22. In its Order, the Court stated that "based on the Certificate of Conference in Defendants' Motion to Dismiss . . .

Plaintiff's Motion to Amend is likely untimely, if it is construed as a notice of intent to amend under the standing order." *Id*. at 3 (internal citation omitted). The Court, however, ultimately granted Mutch's Motion for Leave to File Amended Complaint, considering Mutch is proceeding pro se and noting "how the standing order ought to apply in a situation where there are multiple defendants, and only some file a motion to dismiss is not readily apparent." *Id.* (citations omitted).

Thereafter, on December 11, 2025, Defendant Nelnet filed its Motion to Dismiss Mutch's Amended Complaint, *see* Dkt. No. 24, and on December 19, 2025, Defendants TransUnion, Equifax, and Experian filed a Joint Motion to Dismiss Mutch's Amended Complaint, *see* Dkt. No. 28.

On December 19, 2025, Mutch filed a Motion for Leave to File Second Amended Complaint. *See* Dkt. No. 30. The Court denied Mutch's Motion on January 14, 2026. *See* Dkt. No. 36 at 3. In the course of that denial, the Court explained at length how Mutch already took advantage of the Court's standing order that affords plaintiffs an opportunity to amend the complaint to avoid a potential motion to dismiss. *Id*. at 3. The Court also noted the clarity in the Court's Standing Order regarding amended pleadings: "To advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings *once* before considering a Federal Rule 12(b)(6) Motion to Dismiss." *Id.* at 2 (quoting Dkt. No. 3 at 1 (emphasis added)). On January 20, 2026, Mutch filed the present Objection to Order Denying Motion for Leave, *see* Dkt. No. 37, which the Court interprets as a Motion for Reconsideration.

The Objection to Order Denying Motion for Leave is viewed herein as a Motion for Reconsideration rather than a 28 U.S.C. § 636(b)(1)(A) "appeal" to the District Judge for several

reasons. First, the "objection is filed to preserve Plaintiff's rights for appellate review." Dkt. No. 37 at 1. In doing so it takes issue with a nondispositive ruling, and to the extent Plaintiff wishes to preserve his appellate rights by "appealing" the nondispositive ruling, an appellate court can— and likely will—construe his "Objection" as a § 636(b)(1)(A) "appeal" that preserved his appellate rights. *See* 28 U.S.C. § 636(b)(1)(A).  Plaintiff is advised that if the filing is in fact an appeal to the District Judge, the District Judge need not act upon it unless and until the District Judge determines that this Court's ruling was "clearly erroneous or contrary to law." *Id*. So, by construing the Objection as a Motion for Reconsideration, the Court is acting in an abundance of caution to ensure Plaintiff gets his proverbial day in court on the issues presented. And there are other reasons to treat the Objection as a Motion for Reconsideration, including that it never invokes § 636(a)(1)(A) or the "clearly erroneous or contrary to law" standard. Moreover, taking up the Objection as though it were a Motion for Reconsideration addressed to this Court won't prejudice Plaintiff's efforts to preserve his appellate rights; so, in a sense Plaintiff will have the benefit of error preservation via an appeal and a Motion for Reconsideration. With the filing thus construed, the Court turns to its merits and assumes it seeks reconsideration by this Court.

The Federal Rules of Civil Procedure don't explicitly recognize a motion for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). But courts in this Circuit address motions like Plaintiff Mutch's under Rule 54(b) for interlocutory orders. *See e.g.*, *Rana v. Spectra Energy Corp.*, No. 4:10-cv-0403-SL, 2010 WL 3257523 (S.D. Tex. Aug. 17, 2010); *see also* Fed. R. Civ. P. 54(b). Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims

and all the parties' rights and liabilities." *See id.* While Rule 54 permits "district court judges . . . to vacate their own findings," generally, "courts show deference to decisions already made in the case they are presiding over." *See Stoffels ex rel. SBC Tele. Concession Plan v. SBC Comm., Inc.*, 677 F.3d 720, 727-28 (5th Cir. 2012). Underlying Rule 54 is "the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted, to battle for it again." *See Rana*, 2010 WL 3257523 at \*2 (quoting *Jud. Watch. v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006) (citations and quotation marks omitted)).

In his filing, Mutch largely restates previous arguments. Dkt. No. 37 at 2-3. Mutch asserts that leave to file a second amended complaint is justified because of the following:

> Plaintiff filed his First Amended Complaint solely to correct party names. The substance of his FCRA allegations remained materially unchanged. After meeting and conferring with counsel for Trans Union and reviewing their anticipated arguments, Plaintiff sought leave to file the Second Amended Complaint to add factual detail that more clearly illustrated the specific tradeline inaccuracies and the post-dispute violations committed by American Express, Nelnet and the CRAs, as laid out in the SAC (Dkt. No. 30). This was not a repetition of prior amendments, nor did Plaintiff fail to cure deficiencies—he simply provided further clarity.

*Id*. at 2.

The Court, after considering Mutch's initial Motion, *see* Dkt. No. 30, and Defendants' Responses, *see* Dkt. Nos. 32, 33, exercised its discretion to deny Mutch's request for leave to file a second amended complaint. *See* Dkt. No. 36. Moreover, Mutch concedes that the Court's standing order permits plaintiffs to seek leave if motions to dismiss are denied. Dkt. No. 37 at 3 (citing Dkt. No. 3). The Court has not yet ruled on the pending Motions to Dismiss. *See* Dkt. Nos. 24 & 28. If the Court ultimately denies the pending Motions to Dismiss, Mutch may then re-urge his Motion for Leave to File a Second Amended Complaint.

4

Accordingly, **IT IS ORDERED** that Plaintiff Matthew Mutch's Objection to Order Denying Motion for Leave to File Second Amended Complaint, Dkt. No. 37, which the Court interprets as a Motion for Reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 27th day of March, 2026.

_____

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE