## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS (SAN ANTONIO DIVISION)

| | |
|---|---|
| MATTHEW MUTCH,<br><br>    Plaintiff,<br><br> v.<br><br>AMERICAN EXPRESS NATIONAL BANK et al.,<br><br>    Defendants. | Case No. 5:25-cv-01311-JKP-RBF<br>Hon. Richard B. Farrer |

## DECLARATION OF RAQUEL HERNANDEZ
## IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION BY DEFENDANT AMERICAN EXPRESS NATIONAL BANK

I, Raquel Hernandez, hereby declare as follows:

1. I am Assistant Custodian of Records for American Express Travel Related Services Company, Inc. ("AETRS") and its affiliates and subsidiaries, including American Express National Bank ("AENB") and American Express Company ("AEC") (collectively referred to herein as "American Express"). I have held this position for approximately 10 years and have been employed with American Express or one of its predecessor or affiliate entities for 19 years. AENB is a national bank with its main office in Utah and is a wholly owned subsidiary of AETRS. AETRS is wholly owned by AEC, which is a publicly traded bank holding company that does not itself offer any banking services.

2. I submit this declaration in support of AENB's Motion to Compel Arbitration in this matter. Except where based on my review of records and documents regularly maintained in the ordinary course of American Express's business, all of the matters set forth below are within my personal knowledge and, if called as a witness, I could and would competently testify thereto.

3.      In connection with my duties as Assistant Custodian of Records, I have access to and am generally familiar with the card member account records AENB maintains, including account statements provided to cardmembers and the governing cardmember agreements.  The account records and exhibits referred to herein were created and kept in the ordinary course of AENB's business and were created at or near the time of the occurrence of the matters set forth in those records and/or were created based upon information transmitted by a person with knowledge of the matters set forth in those records.

4.      I have reviewed AENB's records concerning the Platinum Card account ending in 61009 (the "Account") issued to Matthew Michael Mutch ("Plaintiff"), which American Express' records reflect was opened on June 7, 2024.  All American Express card accounts are governed by a written agreement, and subsequent updates where applicable, setting forth the terms and conditions of the cardmember's Account, (the "Cardmember Agreement").  Pursuant to American Express's standard business practices, initial cardmember agreements are mailed to American Express cardmembers together with their physical American Express card upon opening of their accounts, and periodic updates are mailed with and/or contained in monthly account statements. That procedure was in place and was followed when American Express opened the Account. Attached hereto as **Exhibit A** is a copy of the Cardmember Agreement, originally issued on June 7, 2024 (and a second copy reissued on April 19, 2025), which American Express mailed to Plaintiff in the same envelope as his American Express card to the address Plaintiff provided on his application.

5.      The Cardmember Agreement governing the Account contains an Arbitration Provision, which contains an opt-out provision.  Plaintiff could have opted out of the Arbitration Provision, but he did not.  I can determine this because it is American Express's standard business

practice to include a note in the computerized account records of those cardmembers who choose to opt out.  The records for the Account do not reflect any such note, and there is no indication in the records for the Account that Plaintiff ever notified American Express of any refusal to accept the terms of the Arbitration Provision for the Account.

6.      All American Express cardmember agreements, including the one American Express sent to Plaintiff, provide that use of the card constitutes acceptance of the agreement. Monthly account statements are sent to cardmembers who carry a balance on their American Express card account or are otherwise required to receive a monthly statement, and records are retained of those account statements sent to cardmembers.  The records for the Account reflect that after American Express sent the Cardmember Agreement reflected in Exhibit A, Plaintiff proceeded to make charges on the Account.  Attached hereto as **Exhibit B** is a copy of Plaintiff's billing statements on the Account, reflecting use of the Account after American Express sent Plaintiff the Cardmember Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Dated:   4/10/2026

_____
Raquel Hernandez