UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


MATTHEW MUTCH,

 *Plaintiff*,

v.            **Case No.  SA-25-CV-01311-JKP**

TRANSUNION LLC, EXPERIAN
SERVICES CORP., AMERICAN EX-
PRESS COMPANY, NELNET, INC.,

 *Defendants*.


## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Trans Union and Experian Services Corp.'s Joint Motion to Dismiss filed pursuant to Federal Rule 12(b)(6). *ECF No. 28*. Plaintiff Matthew Mutch did not respond to this Motion. Upon consideration, the Motion is **GRANTED**. All causes of action against Defendants Trans Union and Experian Services Corp. are **DISMISSED**. The Clerk of Court is DIRECTED to terminate Defendants Trans Union and Experian Services Corp. as Defendants.

## FACTUAL BACKGROUND

Defendants Trans Union and Experian Services Corp. are credit reporting agencies which collect, compile, and sell information about consumers' credit and financial history to lenders and other authorized users. Mutch filed this suit alleging Trans Union and Experian Services Corp. (the CRA Defendants) violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b), by failing to follow reasonable procedures to assure accuracy of information reported, § 1681i(a) by failing to conduct reasonable reinvestigation of disputed information, and §§

1681n and 1681o by acting in willful and/or negligent noncompliance with the FCRA. *ECF No. 16, pp. 16-18, 21-23*.

All Defendants followed this Court's Standing Order procedure and notified Mutch in writing of their intent to file Motions to Dismiss pursuant to Federal Rule 12(b)(6) and providing their perceived bases for such dismissal. *See ECF Nos. 9, 16, 22*. Pursuant to this Court's Standing Order, Mutch filed an Amended Complaint to cure any deficiencies. *ECF Nos. 16, 22*. Defendants then filed independent Motions to Dismiss for Failure to State a Claim contending the Amended Complaint did not cure the disclosed grounds for dismissal. *ECF Nos. 24 (Nelnet's Motion to Dismiss), 28 (the CRA Defendants' Motion to Dismiss)*. On the same day the CRA Defendants filed their Motion to Dismiss, Mutch filed a Motion for Leave to File a Second Amended Complaint. *ECF. No. 30*. Mutch presumed this Motion for Leave would be granted, thereby mooting the Motions to Dismiss. *See ECF No. 31*. However, Mutch's Motion for Leave to File a Second Amended Complaint was denied, and the Motions to Dismiss remained live motions. Mutch did not respond to the CRA Defendants' Motion to Dismiss (*ECF No. 28*); however, he did respond to Defendant Nelnet's Motion to Dismiss (*ECF No. 24*).

## LEGAL STANDARD

### Failure to Respond

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Un-

2

der the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

**<u>Motion to Dismiss</u>**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

### A. Causes of Action under 15 U.S.C. §1681e(b) ("reasonable procedures) and § 1681i ("reasonable investigation")

In this Motion to Dismiss, the CRA Defendants contend that "[t]o prevail on either a 15 U.S.C. § 1681e(b) ("reasonable procedures") or a 15 U.S.C. § 1681i ("reasonable reinvestigation") cause of action under the FCRA, the Plaintiff must first demonstrate an inaccuracy in the

4

CRA Defendants' reporting, and "'[t]he offensive information in the credit report must be shown to be inaccurate, prior to an inquiry into the reasonableness of the reporting procedures.'" *ECF No. 28, pp. 5-6.* The CRA Defendants contend Mutch failed to assert a viable cause of action against them because he "does not specify what inaccurate information CRA Defendants reported, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation." *Id. at p. 6*. The CRA Defendants contend Mutch's pleading statements asserting they "violated the FCRA by reporting unidentified 'factual inaccuracies' that include, but are not limited to, 'tradeline data related to American Express and Nelnet, (2) obsolete addresses and personal identifiers, and (3) unauthorized credit inquiries lacking a permissible purpose'" are insufficient to assert a viable cause of action, and Mutch "fails to allege any inaccuracy with the requisite specificity or what the accurate reporting should be" in order to prove his case. *Id*.

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b); *Watkins v. Experian Info., Sols., Inc.*, No. 6:13-CV-00239, 2014 WL 12879669, at *4 (W.D. Tex. Sept. 8, 2014), rec. adopted, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014). Among the obligations imposed by the FCRA is the requirement that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In addition, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer ... the agency shall, free of charge,

conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A).

The elements of a cause of action under § 1681e(b) claim are: (1) the CRA prepared a consumer report that contained inaccurate information" (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures to assure maximum possible accuracy; (3) cognizable injury; and (4) causation linking the CRA's failure to that injury. *Saunders v. Equifax Info. Servs. LLC*, No. 16-CV-00525, 2017 WL 3940942, at *3 (W.D. Tex. Aug. 3, 2017). Thus, the foundational requirement for these asserted causes of action under the FCRA is the inaccuracy of the data appearing on the subject consumer credit report. *Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 267 (5th Cir. 2000); *Knox v. Equifax Info. Services LLC*, No. 3:19-CV-02581, 2020 WL 4339016, at *2 (N.D. Tex. July 28, 2020). Accordingly, as a prerequisite to recovery, a plaintiff must allege, and eventually demonstrate, the factual inaccuracy of the information about their credit and financial history that the CRA collected and sold. *Garcia v. Equifax Info. Services, LLC*, 3:25-CV-3543, 2026 WL 1483496, at *2 (N.D. Tex. May 27, 2026); *Duren v. Westlake Servs. LLC*, 2025 WL 2821247, at *3 (N.D. Tex. Sept. 17, 2025). A credit entry is inaccurate within the meaning of the FCRA if (1) the entry is patently incorrect, or (2) is misleading in such a way and extent that it can be expected to adversely affect credit decisions. *Ostiguy v. Equifax Info. Services, LLC*, 5:16-CV-790, 2017 WL 1842947, at *3 (W.D. Tex. May 4, 2017), aff'd sub nom., 738 Fed. Appx. 281 (5th Cir. 2018) (quoting *Sepulvado v. CSC Credit Svcs. Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)); *Davidson v. Texan Credit Corp.*, 2025 WL 1914397, at *5 (N.D. Tex. Apr. 28, 2025), rec. adopted, 2025 WL 1625353 (N.D. Tex. June 9, 2025). Additionally, to be actionable under the FCRA, an "alleged inaccuracy reported by the

consumer reporting agency must first be 'sufficiently objectively verifiable.'" *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Garcia*, 2026 WL 1483496, at *2. If a plaintiff does not plead facts specific to the alleged inaccuracy in the defendant's reporting, the plaintiff fails to assert a viable FCRA cause of action because the alleged inaccurate entry would not be "objectively verifiable." *Id.*; *Davidson*, 2025 WL 1914397, at *5. The FCRA does not impose strict liability for inaccurate entries; "mere imprecision does not render information inaccurate." *Sepulvado*, 158 F.3d at 896; *Davidson*, 2025 WL 1914397, at *5.

Courts reviewing the sufficiency of pleading for an alleged violation of the FCRA require enough facts to describe a specific inaccuracy, rather than a general statement that the information was inaccurate or a general statement that errors appeared on the report even in cases with pro se plaintiffs. *See OmiagboPhilips v. Digital Fed. Credit Union*, 4:23-CV-240, 2024 WL 898914, at *4 (E.D. Tex. Feb. 8, 2024), rec. adopted, 2024 WL 897600 (E.D. Tex. Mar. 1, 2024); *Ostiguy*, 2017 WL 1842947, at *5. To survive a Motion to Dismiss, a plaintiff must allege the specific inaccuracy noted in the credit report to support the requirement that the notation is "objectively verifiable." *Reyes*. In cases similar to this one, this specificity requires an allegation of the amount of the debt disputed and the specific tradeline improperly reported. *See e.g., OmiagboPhilips*, 2024 WL 898914, at *4 (finding insufficient allegation that, without factual support, plaintiff stated only that he noticed "errors" on his consumer report); *Reeves v. Nelnet Loan Servs.*, No. 17-cv-3726, 2018 WL 2200112, at *4 (S.D. Tex. May 14, 2018); *Pressley v. Cap. One*, 415 F.Supp.3d 509, 513 (E.D. Pa. 2019)(finding plaintiff did not describe "the allegedly false and misleading information that appears in the accounts"); *But see, Paul v. Trans Union, LLC*, No. 20-cv-794, 2021 WL 3503393, at *5 (E.D. Tex. July 21, 2021), rec. adopted, 2021

7

WL 3487485 (E.D. Tex. Aug. 9, 2021) (finding sufficient the allegation that defendant incorrectly reported plaintiff owed $1,517.88 that he did not actually owe).[1]

The issue here is whether Mutch plead enough facts to satisfy the foundational pleading standard for FCRA-violation causes of action, which requires Mutch to state the information the CRA Defendants reported about Mutch that he alleges was incomplete or contained inaccurate credit information.

In the Amended Complaint, Mutch asserts he submitted a written dispute "identifying specific factual inaccuracies appearing in [his] credit file, including but not limited to: (1) tradeline data related to American Express and Nelnet, (2) obsolete addresses and personal identifiers, and (3) unauthorized credit inquiries lacking a permissible purpose." *ECF No. 16, p.6*. With these factual allegations, Mutch fails to plead the "specific factual inaccuracies" that he alleges he disputed and reported to the CRA Defendants for reinvestigation, and he fails to provide any information beyond a general statement of inaccuracy or error of entries in his credit report. While Mutch alleges generally that there were inaccuracies in his credit report, without more detail regarding the alleged errors, his allegations are not objectively verifiable and are conclusory statements that do not rise above the level of mere speculation. For this reason, the Amended Complaint fails to provide sufficient detail to give rise to these causes of action for violation of the FCRA asserted against the CRAs. To survive this Motion to Dismiss, Mutch was required to provide some factual detail of the alleged inaccuracies in the tradeline data related to American

---

[1] The Court is careful to note the plaintiff need not "prove" the first element at this stage of the litigation; the plaintiff need only allege facts which provide some specificity of the alleged errors or inaccuracies. Several opinions inadvertently recite the legal standard as the plaintiff must "prove" or "establish," rather than "allege." The Court also notes that many cases cited by the CRA Defendants are decisions upon summary judgment or trial, at which time the plaintiff must provide evidence to prove the cause of action. These cases are not applicable to the pleading standard applied to determination of a Motion to Dismiss.

Express and Nelnet, obsolete addresses and personal identifiers, and unauthorized credit inquiries. *See OmiagboPhilips*, 2024 WL 898914, at \*4; *Ostiguy*, 2017 WL 1842947, at \*5.

For this reason, the CRA Defendants' Motion to Dismiss these causes of action will be granted.

**B. Causes of Action under 15 U.S.C. § 1681n ("willfulness provision"); 15 U.S.C. § 1681o ("negligence provision")**

The FCRA provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681n. In the alternative, "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." *Id.* § 1681o. "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58-59 (2007). To state a cause of action based upon a CRA Defendant's willfulness, a Plaintiff must allege: (1) the CRA Defendant had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how the CRA Defendant ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id*. Plaintiff must show that CRA Defendants acted in a manner that made it highly probable harm would follow. *Safeco*, 551 U.S. at 69. Accordingly, to assert a plausible cause of action under these provisions, a plaintiff must plead facts pertaining to the requisite mental state or the support for negligence. *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986); *Sanders v. JP Morgan Chase Bank N.A.*, No. 5-24-CV-01093, 2025 WL 2792766, at \*2 (W.D. Tex. Aug. 29, 2025), rec. adopted, 2025 WL 2785062 (W.D. Tex. Sept. 25, 2025); *Sanchez v. Glob. Lending Services*, No. 4:23-CV-01101, 2024 WL 1076827, at \*4 (N.D. Tex. Feb. 22, 2024), rec. adopted, 2024 WL 1122061 (N.D. Tex. Mar. 14, 2024).

The Amended Complaint fails to plead facts capable of supporting a finding on knowing and intentional noncompliance or negligence. *See Sanchez*, 2024 WL 1076827, at * 4; *Sanders*, 2025 WL 2792766, at *2. Therefore, these causes of action will be dismissed.

### Opportunity to Amend

The Court recognizes a complaint or cause of action should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman,* 371 U.S. at 182; *Hitt,* 561 F.2d at 608–09; *DeLoach,* 405 F.2d at 496-97. Pursuant to the Court's Standing Order procedures, the Court provided Mutch ample opportunity to amend the Complaint to overcome the noticed deficiencies on which dismissal is hereby granted. *See Hitt,* 561 F.2d at 608–09.

### CONCLUSION

For the reasons stated, Defendants Trans Union and Experian Services Corp.'s Joint Motion to Dismiss filed pursuant to Federal Rule 12(b)(6) is **GRANTED**. *ECF No. 28*. All causes of action against Defendants Trans Union and Experian Services Corp. are **DISMISSED**.

The Clerk of Court is DIRECTED to terminate Defendants Trans Union and Experian Services Corp. as Defendants.

It is so ORDERED.
SIGNED this 9th day of June, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

10