UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW MUTCH,

　*Plaintiff*,

v.　　　　　　　　　　　　　　　　　　**Case No.  SA-25-CV-01311-JKP**

TRANSUNION LLC, EXPERIAN
SERVICES CORP., AMERICAN
EXPRESS COMPANY, NELNET, INC.,

　*Defendants*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Nelnet, Inc.'s Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 24*. Plaintiff Matthew Mutch responded. *ECF No. 25*. Upon consideration, the Partial Motion to Dismiss is **GRANTED**. The cause of action asserted under 15 U.S.C. §1681s-2(b) against Nelnet is DISMISSED.

**UNDISPUTED FACTUAL BACKGROUND**

Nelnet is a "credit information furnisher," which is an organization that reports information about a consumer's credit activity to one or more consumer reporting agencies (CRAs) for inclusion in a credit report. Mutch filed this suit alleging Nelnet violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), by failing to investigate, correct, and cease reporting inaccurate information and violated §§ 1681n and 1681o by acting in willful and/or negligent noncompliance with the FCRA. *ECF No. 16, pp. 26-27*.

In this case, Nelnet furnished consumer credit information data to the Defendant CRAs. In the Amended Complaint, Mutch alleges he sent written disputes of credit information Nelnet

1

supplied to the CRAs which included "inaccurate tradeline reporting" and other "detailed multiple inaccuracies including erroneous reporting dates." In these written disputes, Mutch "demanded removal or verification of the tradeline."

All Defendants followed this Court's Standing Order procedure and notified Mutch in writing of their intent to file Motions to Dismiss pursuant to Federal Rule 12(b)(6) and providing their perceived bases for such dismissal. *See ECF Nos. 9, 16, 22*. Pursuant to this Court's Standing Order, Mutch filed an Amended Complaint to cure any deficiencies. *ECF Nos. 16, 22*. Defendants then filed independent Motions to Dismiss for Failure to State a Claim contending the Amended Complaint did not cure the disclosed grounds for dismissal. *ECF Nos. 24 (Nelnet's Motion to Dismiss), 28 (the CRA Defendants' Motion to Dismiss)*. On the same day the CRA Defendants filed their Motion to Dismiss, Mutch filed a Motion for Leave to File a Second Amended Complaint. *ECF. No. 30*. Mutch presumed this Motion for Leave would be granted, thereby mooting the Motions to Dismiss. *See ECF No. 31*. However, Mutch's Motion for Leave to File a Second Amended Complaint was denied, and the Motions to Dismiss remained live motions.

Based upon this procedural posture, the Court will review Nelnet's Motion to Dismiss the Amended Complaint, to which Mutch responded.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-

558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

A complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at

3

182; *DeLoach*, 405 F.2d at 496–97.

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## DISCUSSION

In this Motion to Dismiss, Nelnet contends Mutch fails to prove his cause of action for violation of the FCRA against them because he does not demonstrate the information it furnished was inaccurate. *ECF No. 24, pp. 4-7.* In making these arguments, Nelnet melds the legal standard of adequate pleading with a Plaintiff's burden of proof on this cause of action. The majority of cases Nelnet cites are cases decided upon summary judgment or trial. At this stage of

4

the litigation, in determination of a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Court's focus is on the sufficiency of Mutch's allegations, not on whether Mutch proved his causes of action within the pleading or provided an actual evidentiary showing. *See Twombly*, 550 U.S. at 556. Even if Mutch's ability to prove the alleged facts is improbable, or recovery is unlikely, he is only required to allege facts that "raise a right to relief above the speculative level." *Id*. The Court will proceed with the understanding Nelnet argues Mutch failed to adequately plead the alleged inaccuracies. *See ECF No. 24, pp. 7-8*.

## A.  FCRA Causes of Action

The FCRA prohibits furnishers of information related to a consumer from reporting information to any CRA if the furnisher "knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). To assert a viable cause of action for violation of the FCRA, 15 U.S.C. § 1681s-2(b), against a furnisher a plaintiff must plead facts to support: (1) the furnisher provided inaccurate credit information to a credit reporting agency; (2) the plaintiff notified the credit reporting agency that this information in his or her credit report was inaccurate; (3) the credit reporting agency notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the credit reporting agency to correct the reporting errors. *Wing v. Nat'l Credit Sys., Inc.*, 4:25-CV-608, 2026 WL 395081, at *2 (E.D. Tex. Jan. 21, 2026), rec. adopted, 2026 WL 392014 (E.D. Tex. Feb. 11, 2026).

Pertinent to the first prong, as a prerequisite to recovery, a plaintiff must make an initial showing of factual inaccuracy in the information provided by a furnisher to a CRA.[1] *Garcia v.*

---

[1] Although "the FCRA primarily regulates consumer credit reporting agencies, the statute also creates various obligations on 'furnishers of information' to provide accurate information to consumer credit reporting agencies." *Smith v. Nat'l City Mortgage,* No. A–09–CV–881, 2010 WL 3338537, at *15 (W.D.Tex. Aug. 23, 2010) (citation omitted); 15 U.S.C.A. § 1681s–2. For this reason, caselaw which analyzes pleading sufficiency on the "inaccuracy

5

*Equifax Info. Services, LLC*, 3:25-CV-3543, 2026 WL 1483496, at *2 (N.D. Tex. May 27, 2026); *Duren v. Westlake Servs. LLC*, 2025 WL 2821247, at *3 (N.D. Tex. Sept. 17, 2025)(furnisher). A credit entry is inaccurate within the meaning of the FCRA if (1) the entry is patently incorrect, or (2) is misleading in such a way and extent that it can be expected to adversely affect credit decisions. *Ostiguy v. Equifax Info. Services, LLC*, 5:16-CV-790, 2017 WL 1842947, at *3 (W.D. Tex. May 4, 2017), aff'd sub nom., 738 Fed. Appx. 281 (5th Cir. 2018) (quoting *Sepulvado v. CSC Credit Svcs. Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)); *Davidson v. Texan Credit Corp.*, 2025 WL 1914397, at *5 (N.D. Tex. Apr. 28, 2025), rec. adopted, 2025 WL 1625353 (N.D. Tex. June 9, 2025)(furnisher). Additionally, to be actionable under the FCRA, an "alleged inaccuracy reported by the consumer reporting agency must first be 'sufficiently objectively verifiable.'" *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Garcia*, 2026 WL 1483496, at *2. If a plaintiff does not plead facts specific to the alleged inaccuracy in the defendant's reporting, the plaintiff fails to assert a viable FCRA cause of action. *Davidson*, 2025 WL 1914397, at *5. The FCRA does not impose strict liability for inaccurate entries; "mere imprecision does not render information inaccurate." *Sepulvado*, 158 F.3d at 896; *Davidson*, 2025 WL 1914397, at *5.

Courts reviewing the sufficiency of pleading on this prong require enough facts to describe a specific inaccuracy, rather than a general statement that the information was inaccurate or a general statement that errors appeared on the report. *See Davidson*, 2025 WL 1914397, at *5; *OmiagboPhilips v. Digital Fed. Credit Union*, 4:23-CV-240, 2024 WL 898914, at *4 (E.D. Tex. Feb. 8, 2024), rec. adopted, 2024 WL 897600 (E.D. Tex. Mar. 1, 2024);

---

element" with regard to credit reporting agencies applies equally and extends to cases involving only furnishers of information. Consequently, the Court recognizes some caselaw cited are those which involve only credit reporting agencies.

*Ostiguy*, 2017 WL 1842947, at *5. To survive a Motion to Dismiss, a plaintiff must allege the specific inaccuracy noted in the credit report to support the notation is "objectively verifiable."

In cases similar to this one, this specificity requires an allegation of the amount of the debt disputed and the specific tradeline improperly reported. *See e.g., OmiagboPhilips*, 2024 WL 898914, at *4 (finding insufficient allegation that, without factual support, plaintiff stated only that he noticed "errors" on his consumer report); *Reeves v. Nelnet Loan Servs.*, No. 17-cv-3726, 2018 WL 2200112, at *4 (S.D. Tex. May 14, 2018); *Miller v. Hope Fed. Credit Union*, No. 22-cv-5, 2022 WL 1207152, at *2 (N.D. Miss. Apr. 22, 2022) (finding allegations the defendant stole her identity, sold it to CRAs, and furnished her banking information to CRAs without her permission insufficient to plausibly allege the first element); *Pressley v. Cap. One*, 415 F.Supp.3d 509, 513 (E.D. Pa. 2019)(finding plaintiff did not describe "the allegedly false and misleading information that appears in the accounts"); *But see, Wing v. Nat'l Credit Sys., Inc.*, No. 4:25-CV-608, 2026 WL 395081, at *2 (E.D. Tex. Jan. 21, 2026), rec. adopted, 2026 WL 392014 (E.D. Tex. Feb. 11, 2026)(finding allegation that "Defendant furnished false credit information to TransUnion, LLC, reporting a collection account for rent and legal fees that Plaintiff did not owe," supported the first element); *Spencer*, 2022 WL 1271128, at *1–*4 (finding plaintiff sufficiently alleged the first element by stating the tradeline defendant improperly reported to the furnisher of information a debt allegedly owed in the amount of $2,628.00, which did not belong to the plaintiff as she was a victim of identity theft); *Paul v. Trans Union, LLC*, No. 20-cv-794, 2021 WL 3503393, at *5 (E.D. Tex. July 21, 2021), rec. adopted, 2021 WL 3487485 (E.D. Tex. Aug. 9, 2021) (finding allegation that the defendant

incorrectly reported plaintiff owed $1,517.88 that he did not actually owe sufficient to support the first element).[2]

The issue here is whether Mutch plead enough facts to satisfy the pleading standard for the first prong, which requires Mutch to allege the information Nelnet provided about Mutch to the Defendant CRAs was incomplete or contained inaccurate credit information.

In the Amended Complaint, Mutch asserts he submitted a written dispute "identifying specific factual inaccuracies appearing in [his] credit file, including but not limited to: (1) tradeline data related to American Express and Nelnet, (2) obsolete addresses and personal identifiers, and (3) unauthorized credit inquiries lacking a permissible purpose." *ECF No. 16, p.6*. With these factual allegations, Mutch fails to plead the "specific factual inaccuracies" that he alleges he reported to Nelnet and the CRAs, and he fails to provide any information beyond a general statement of inaccuracy or error of entries in his credit report. While Mutch alleges the first element, that there was an inaccuracy in his credit report provided by Nelnet as furnisher of the information, without more detail regarding the alleged errors, his allegations are conclusory statements and do not rise above the level of mere speculation. For this reason, the Amended Complaint fails to provide sufficient detail to give notice to Nelnet about the nature of Mutch's cause of action asserted. To survive this Motion to Dismiss, Mutch was required to provide some factual detail of the alleged tradeline data related to American Express and Nelnet, obsolete addresses and personal identifiers, and unauthorized credit inquiries. *See OmiagboPhilips*, 2024 WL 898914, at *4; *Ostiguy*, 2017 WL 1842947, at *5.

---

[2]  The Court is careful to note the plaintiff need not "prove" the first element at this stage of the litigation; the plaintiff need only allege facts which provide some specificity of the alleged errors or inaccuracies. Several opinions inadvertently recite the legal standard as the plaintiff must "prove" or "establish," rather than "allege." The Court also notes that many cases cited by Nelnet are decisions upon summary judgment or trial, at which time the plaintiff must provide evidence to prove the cause of action. These cases are not applicable to the pleading standard applied to determination of a Motion to Dismiss.

For this reason, Nelnet's Motion to Dismiss the causes of action for violation of the FCRA will be granted.

**B. Causes of Action under 15 U.S.C. § 1681n ("willfulness provision"); 15 U.S.C. § 1681o ("negligence provision")**

The FCRA provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681n. In the alternative, "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer." *Id.* § 1681o. "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58-59 (2007). To state a cause of action based upon a CRA Defendant's willfulness, a Plaintiff must allege: (1) the CRA Defendant had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how the CRA Defendant ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. Id. Plaintiff must show that CRA Defendants acted in a manner that made it highly probable harm would follow. *Safeco*, 551 U.S. at 69. Accordingly, to assert a plausible cause of action under these provisions, a plaintiff must plead facts pertaining to the requisite mental state or the support for negligence. *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986); *Sanders v. JP Morgan Chase Bank N.A.*, No. 5-24-CV-01093, 2025 WL 2792766, at *2 (W.D. Tex. Aug. 29, 2025), rec. adopted, 2025 WL 2785062 (W.D. Tex. Sept. 25, 2025); *Sanchez v. Glob. Lending Services*, No. 4:23-CV-01101,

2024 WL 1076827, at *4 (N.D. Tex. Feb. 22, 2024), rec. adopted, 2024 WL 1122061 (N.D. Tex. Mar. 14, 2024).

The Amended Complaint fails to plead facts capable of supporting a finding on knowing and intentional noncompliance or negligence. *See Sanchez*, 2024 WL 1076827, at * 4; *Sanders*, 2025 WL 2792766, at *2. Therefore, these causes of action will be dismissed.

### Opportunity to Amend

The Court recognizes a complaint or cause of action should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman,* 371 U.S. at 182; *Hitt,* 561 F.2d at 608–09; *DeLoach,* 405 F.2d at 496-97. Pursuant to the Court's Standing Order procedures, the Court provided Mutch ample opportunity to amend the Complaint to overcome the noticed deficiencies on which dismissal is hereby granted. *See Hitt,* 561 F.2d at 608–09.

### CONCLUSION

For the reasons stated, Defendant Nelnet's Motion to Dismiss filed pursuant to Federal Rule 12(b)(6) is **GRANTED**. *ECF No. 24*. All causes of action against Defendant Nelnet are **DISMISSED**.

The Clerk of Court is DIRECTED to terminate Defendant Nelnet as a Defendant.

It is so ORDERED.
SIGNED this 9th day of June, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

11