**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MATTHEW MUTCH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:25-cv-01311-JKP** |
| **TRANSUNION LLC; EQUIFAX, INC.;** | § | |
| **EXPERIAN SERVICES CORP.;** | § | |
| **AMERICAN EXPRESS COMPANY;** | § | |
| **NELNET, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT NELNET SERVICING, LLC'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S OBJECTION TO ORDERS GRANTING MOTIONS TO DISMISS**
**AND RULE 54(B) MOTION TO REVISE INTERLOCUTORY ORDERS (ECF NO. 54)**

Defendant Nelnet Servicing, LLC (hereinafter, "Nelnet") hereby submits this Response in Opposition to Plaintiff's Objection to Orders Granting Motions to Dismiss and Rule 54(b) Motion to Revise Interlocutory Orders (ECF No. 54) (hereinafter, "Plaintiff's Motion"). In support thereof, Nelnet states the following:

I.    **INTRODUCTION**

1.    Plaintiff claims his Motion is not a motion for reconsideration, but that is exactly what he asks the Court to do. Plaintiff objects to the Court's past ruling, and explains why thinks it was wrong. It was not wrong. The Court addressed in great detail that Plaintiff's only obligation to survive Nelnet's motion was **not** to **prove** inaccuracy – his obligation was to sufficiently *allege* it, but he failed in that regard. There is no colorable argument that the Court's order was wrong, and Plaintiff's Motion makes that clear, because he claims the Court failed to engage in the very analysis that the Court used to reach its decision. There are no grounds to reconsider the Court's Ruling.

1

2.      To the extent Plaintiff is asking the Court to say whether the dismissal was with, or without prejudice, it is apparent that the dismissal was with prejudice, given Rule 41, the termination of the parties, the Court's standing order, and the denial of leave to amend. But if Plaintiff wants the Court to make it even clearer that the dismissal was with prejudice, Nelnet has no objection to that request. Finally, Nelnet objects to Plaintiff's Rule 54(b) request as unsupported and generally at odds with the federal policy against piecemeal appeals.

## II.      **ARGUMENT**

3.      Plaintiff's Motion should be denied. The Court appropriately and correctly adjudicated Nelnet's Motion to Dismiss. Although apparently not invoked, Plaintiff's Motion does not meet the reconsideration standard in any event. The dismissal was clearly with prejudice, and Plaintiff provides no justification supporting the entry of a Rule 54(b) judgment.

### A.      **The Court's Order Did Not Conclude that Plaintiff was Required to *Prove* Inaccuracy.**

4.      Plaintiff objects to the Court's Ruling because he claims the Court confused the pleading standard by requiring him to engage in "proof-level specificity at the pleading stage." ECF No. 54, p. 9. That is a tortured reading of the Court's Order. Although Nelnet's Motion to Dismiss did not argue that Plaintiff was required to *prove* inaccuracy at this stage of the case (just instead to plausibly allege it), the Court's Order eliminated any doubt on this issue:

- "The issue here is **whether Mutch pleads enough facts to satisfy the pleading standard**… which requires Mutch to **allege** the information Nelnet provided about Mutch to the Defendant CRAs was incomplete or contained inaccurate credit information." ECF No. 52, p. 8 (emphasis added).

- "The Court will proceed with the understanding Nelnet argues Mutch **failed to adequately plead the alleged inaccuracies**." ECF No. 52, p. 5 (emphasis added).

2

- "**With these factual allegations, Mutch fails to plead the 'specific factual inaccuracies'** **that he alleges** he reported to Nelnet and the CRAs, and he fails to provide any information beyond a general statement of inaccuracy or error of entries in his credit report." ECF No. 52, p. 8 (emphasis added).

- "**His allegations** are conclusory statements…" ECF No. 52, p. 8 (emphasis added).

Most notably, the Court even addressed the very concept Plaintiff now accuses it of disregarding. The Court said: "The Court is careful to note the plaintiff **need not 'prove' the first element at this stage of the litigation; the plaintiff need only allege facts** which provide some specificity of the alleged errors or inaccuracies." *Id.* (emphasis added). The Court then specifically rejected that there must be any sort of "proof" provided when "applied to determination of a Motion to Dismiss." *Id.* The Court's most direct addressing of this issue came at the beginning of the order – the Court said: "At this stage of the litigation, in determination of a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the **Court's focus is on the sufficiency of Mutch's allegations, not on whether Mutch proved his causes of action within the pleading or provided an actual evidentiary showing.**"[1] ECF No. 52, p. 4-5 (emphasis added).

5.    In short, there is no legitimate, good faith interpretation of the Court's Order wherein the Order can be read to have determined that the Plaintiff had to **prove** an inaccuracy in his Complaint. Plaintiff even admits that, "at the pleading stage, [he] was required to allege plausibility and fair notice." ECF No. 54, p. 9. The Court concluded that he did not plausibly allege inaccurate credit reporting or provide fair notice to the defendants about what he was claiming was

---

[1] Plaintiff is not entitled to discovery to determine if he has a plausibly alleged claim. ECF No. 54, p. 9. That is the purpose of Rule 8 and 12(b)(6). To get into discovery, all Plaintiff had to do was say what was wrong with the credit reporting and why. He didn't need to prove it – he merely needed to plausibly allege it. He repeatedly failed to do that because there is nothing wrong with the reporting. By making this argument about discovery, Plaintiff admits that his entire case was a fishing expedition.

wrong with the credit reporting in this case. The Court's Order properly adjudicated the Motion to Dismiss and should not be reconsidered or changed.

**B.      Plaintiff's "Ample Opportunity" Argument Ignores the Court's Standing Order.**

6.      Plaintiff next argues that the Court was incorrect in determining that he had an ample opportunity to correct the deficiencies that led to dismissal. He again seems to be asking for the Court to reconsider its denial of leave to amend, or the Magistrate Judge's order denying his motion for leave to file a second amended complaint. Plaintiff is wrong again, and his argument ignores the entire purpose of the Court's standing order.

7.      This Court has a generous standing order that is meant to give plaintiffs an unfettered opportunity to amend around a potential motion to dismiss if they so choose when the defendant calls their attention to deficient pleadings. However, the trade-off is that the Court also expects the plaintiff to live with the choice they make. If the plaintiff declines the opportunity to amend, the Court's standing order provides certainty to the defendant in moving to dismiss because the court's order contemplates that a successful motion will result in dismissal without leave to amend. *See* Section 1 of Standing Order in Civil Cases Assigned to Judge Jason Pulliam. The Court's standing order seeks an efficient disposition of attacks on the pleadings by forcing both parties to decide whether to take their chances on a motion to dismiss (and giving them each an out), with the hopes of avoiding the potential undue delay caused by amendments immediately after the filing of dispositive motions or dismissal orders. The Magistrate Judge recognized these considerations too, but also noted that the Plaintiff sought to exploit the Court's standing order as well. ECF No. 36, p. 3.

8.      In other words, the Court's Standing Order provided Plaintiff with all of the "ample opportunity" he needed to be able to amend the Complaint. He got a free pass, but he chose not to take it. But what is more, Plaintiff was given more than one opportunity. Plaintiff first amended

his complaint even before Nelnet began the process of following the Court's standing order on motions to dismiss. Plaintiff did so after the consumer reporting agencies ("CRAs") previously made the exact same argument that Nelnet made in its motion to dismiss. *See* ECF No. 9. Plaintiff held firm during the conferral with the CRAs then and stood on his pleading. *See* ECF No. 9, 16. But he then sought to amend immediately after the CRAs filed their motion to dismiss. *See* ECF No. 9, 16.

9.      **After** the First Amended Complaint was accepted, Nelnet again raised the Court's standing order process to Plaintiff and informed him that he had **another** opportunity to correct his pleading to stave off dismissal. Plaintiff explicitly declined to amend, again. Plaintiff stated that he "stand[s] by my pleading (ECF No. 16-1), which properly alleged both inaccuracy and failure to comply with the [FCRA]…" As a result of Plaintiff declining the opportunity to amend, Nelnet filed its Motion to Dismiss, which Plaintiff then opposed. The Court's standing order gave Plaintiff the "ample opportunity" but in exchange, forced him to sleep in the bed that he made. Plaintiff even got an additional opportunity beyond what the Court's standing order provides given the timing of the various defendants moving to dismiss.

**C.      There is No Uncertainty that the Court's Order was a Dismissal With Prejudice.**

10.     Plaintiff next contends that it is unclear whether the Court's order dismissing Nelnet was a dismissal with prejudice. It is not unclear. The Court's Standing Order provides that if a plaintiff denies the free opportunity to amend to avoid a motion to dismiss,  a successful motion will result in dismissal without leave to amend. *See* Section 1 of Standing Order in Civil Cases Assigned to Judge Jason Pulliam. And that is what the Court's Order did, but it also directed the clerk to terminate Nelnet as a party. ECF No. 52. With the Complaint dismissed, and denial of the opportunity to amend, there is nothing left to address with respect to Nelnet. But if that were not enough, Rule 41 eliminates any doubt. The Court's Order did not say that it was "without

prejudice." Under Fed. R. Civ. P. 41(b), that means it is a dismissal with prejudice. *See Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 241 (1st Cir. 2004) ("in the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice.")

11.    That being said, to the extent that Plaintiff wants the court to enter an order specifically stating that Nelnet was dismissed with prejudice, Nelnet has no objection to the Court doing so.

### D.    Plaintiff has not Shown Justification for Entering a Rule 54(b) judgment.

12.    Finally, Plaintiff appears to ask the Court to enter a partial judgment against him and in favor of Nelnet under Fed. R. Civ. P. 54(b), presumably so that he can appeal the Court's decision before this lawsuit is completely resolved.

13.    The Fifth Circuit has explained that Rule 54(b) "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). The district court must "take into account judicial administrative interests" to "preserve[ ] the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation modified). Therefore, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc.*, 81 F.3d at 1421.

14.    Here, the Court presumably declined to enter a Rule 54(b) judgment because Plaintiff still has claims pending against one party, American Express. Nelnet defers to the Court's sound discretion and judgement for why it chose not to enter a Rule 54(b) judgment, which presumably was done, at least in part, to avoid the piecemeal appeals that the Fifth Circuit and the

6

United States Supreme Court has cautioned against. But in any event, Plaintiff's Motion does not provide any meaningful justification for why the Court should allow him to appeal against some parties now, and apparently appeal against other parties later. One of the key issues is that, here, Plaintiff is on the losing end of the Court's Order. In other words, Plaintiff is not facing any delay in collecting on a current order awarding him money, nor is there any order at issue that awarded Plaintiff money, that someone else is appealing. The typical insolvency arguments are thus not applicable.  Plaintiff has otherwise made no argument whatsoever that waiting to enter a complete final judgment once all claims and parties can be adjudicated, would prejudice him. There is no argument that addresses any danger of hardship or injustice that would occur through delay that could be alleviated by an immediate appeal, nor does it appear there would be any such legitimate argument. *PYCA Indus., Inc.*, 81 F.3d at 1421. Instead, the only cited justification is that he wants to appeal now.  This is not sufficient under the law in this circuit. *Id.*

III.    **CONCLUSION**

15.    Plaintiff has had more than one bite at the apple. He actually had two. He tried for a third and was rejected by the Magistrate Judge. The District Judge then took his apple away from him, and now he is trying again for a third bite. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) ("There is a limit to how many bites even a pro se plaintiff can have at the apple."). The Court engaged in a careful analysis, followed the proper standard, and specifically rejected the premise that Plaintiff says the Court used to justify dismissal, as a grounds for dismissal. The Rules clearly provide that the dismissal was with prejudice, but Nelnet does not object to the Court reminding Plaintiff of that. But the Court should not enter a Rule 54(b) judgment as that would merely allow for piecemeal appeals which there is a strong presumption against. The Court should deny Plaintiff's Motion and provide defendants with the certainty and finality that they are entitled to in this meritless case.

WHEREFORE, PREMISES CONSIDERED, Defendant Nelnet Servicing, LLC respectfully requests that the Court enter an Order denying Plaintiff's Objection to Orders Granting Motions to Dismiss and Rule 54(b) Motion to Revise Interlocutory Orders (ECF No. 54)

DATE: June 29, 2026                    Respectfully submitted,

                                        HUSCH BLACKWELL LLP

                                        By: */s/ Brandon S. Stein*
                                        Brandon S. Stein
                                        HUSCH BLACKWELL LLP
                                        2415 E. Camelback Road, Suite 500
                                        Phoenix, AZ 85016
                                        (480) 824-7890 – Telephone
                                        (480) 824-7905 – Facsimile
                                        Brandon.Stein@HuschBlackwell.com
                                        ATTORNEYS FOR DEFENDANT NELNET
                                        SERVICING, LLC


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following on June 29, 2026, via the CM/ECF Filing system to all parties of record.


                                        By: */s/ Brandon S. Stein*
                                                Brandon S. Stein


8